■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD McKENZIE, Appellant. — Consolidated appeals by defendant (1) from two judgments of the Supreme Court, Kings County (Starkey, J.), both rendered January 22, 1979, convicting him of murder in the second degree (Ind. No. 3260-77), and of manslaughter in the first degree (Ind. No. 3145-77), and imposing concurrent prison sentences of 15 years to life and 5 to 15 years,

respectively, and (2) by permission, from an order of the same court, dated March 20, 1981, denying his motion pursuant to CPL 440.10 (subd 1, par [h]) to vacate the judgments of conviction and to reinstate his pleas of not guilty to the indictments. Judgments and order affirmed. Any contention relating to the insufficiency of a defendant's allocution which provides the substantive basis for his plea of guilty is not preserved for appellate review unless "raised by motion in the court of first instance *prior to conviction*" (*People v Pascale,* 48 NY2d 997, 998, emphasis added). A claim of such inadequacy is directed solely to matter which appears upon the face of the record, and a motion pursuant to CPL 440.10 (subd 1, par [h]) to vacate the judgment, as was attempted here, is inappropriate for the reason that CPL 440.10 (subd 2, par [b]) mandates the denial of such application where "[t]he judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear *on the record* with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such an appeal" (emphasis added). In the instant matter a postjudgment motion was made more than two years after sentences were imposed. Under the circumstances, the alleged error was not preserved for our review (cf. *People v Hernandez,* 78 AD2d 816). By Kings County Indictment No. 3260-77, defendant was charged with the crimes of murder, assault and criminal possession of a weapon, all in the second degree and all arising out of an incident which occurred on May 26, 1977, during which defendant was alleged to have shot and injured Wendolyn Jones and shot and killed Arthur Allan Mann. By Kings County Indictment No. 3145-77, defendant was charged with the crimes of murder in the second degree and criminal possession of a weapon in the second degree, arising out of an incident which occurred on September 18, 1977, during which he was alleged to have shot and killed John Harris. That indictment also charged defendant with criminal possession of a weapon in the third degree based upon his alleged possession of a loaded firearm on September 22, 1977. The record discloses that, with the advice of counsel and being motivated by a desire to avoid the risk of a jury verdict of guilty and the imposition of a longer sentence of imprisonment, defendant interrupted his trial, under Indictment No. 3260-77, and, following plea bargaining, entered into an *Alford-Serrano* plea (*North Carolina v Alford,* 400 US 25; *People v Serrano,* 15 NY2d 304, 310), by which he pleaded guilty to murder in the second degree in satisfaction of Indictment No. 3260-77 and to manslaughter in the first degree in satisfaction of Indictment No. 3145-77, with the court's promise to impose concurrent sentences not exceeding 15 years to life (see *People v Colon,* 77 AD2d 370). Here, the pleas were neither unfair nor inappropriate; the bargain became final and should not now be disturbed (see *People v Francis,* 38 NY2d 150, 155-156); nor does the interest of justice, under such circumstances, impel reversal (see *People v Mitchell,* 78 AD2d 608). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.