■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEVERN JACKSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Kay, J.), rendered November 10, 1981, convicting him of criminal possession of a controlled substance in the third and fourth degrees, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and case remitted to Criminal Term for further proceedings in accordance herewith. On the facts of this case, the trial court's failure to instruct the jury on the proper use of appellant's suppressed statement requires a reversal. The trial court was required to charge the jury that appellant's statement was admitted only for the purpose of impeaching his credibility and not for the truth of its contents (see *People v Ricco*, 56 NY2d 320). While this error was not preserved for appellate review as a matter of law, under the circumstances, we find that the failure to properly instruct the jury requires a reversal as a matter of discretion in the interest of justice. Given the extent of appellant's complaint about his former attorney he should, prior to the new trial, if he be so advised, be permitted to make a motion to suppress the drugs. Damiani, J. P., Gulotta, O'Connor and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL RIVERA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered June 11, 1979, upon resentence, convicting him of grand larceny in the third degree and criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. Since the defendant did not seek to withdraw his plea of guilty prior to, or at the time of, sentencing, he failed as a matter of law to preserve his claim that his allocution at the time of his plea was insufficient (see *People v Pascale*, 48 NY2d 997; *People v Bell*, 47 NY2d 839; *People v Warren*, 47 NY2d 740; *People v Blake*, 88 AD2d 962; *People v McKenzie*, 88 AD2d 646). In any event, we have reviewed the minutes of the defendant's plea allocution and find that the allocution was sufficient to establish the elements of the crimes in question (see *People v Blake, supra*). Moreover, the plea was neither unfair nor inappropriate, and the defendant received a favorable bargain (see *People v McKenzie, supra*). Titone, J. P., Lazer, Gibbons and Thompson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RUQUET, Appellant. — Judgment of the County Court, Suffolk County (Rohl, J.), rendered August 18, 1981, affirmed. No opinion. This case is remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Mangano, Gibbons and Gulotta, JJ., concur.