■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE G. HAYES, Appellant. — Appeal by defendant, as limited by his motion, from a resentence of the Supreme Court, Queens County (Bosch, J.), imposed November 26, 1974, upon remand from the Court of Appeals. ¶ Resentence reversed, as a matter of discretion in the interest of justice, and matter remitted to the Supreme Court, Queens County, for resentencing in accordance herewith. ¶ With commendable candor the People agree with the defendant's contention that because two and one-half years elapsed between the defendant's original sentence and his resentence, the sentencing court should have secured an updated presentence report before resentencing the defendant and that based upon our holding in *People v Cruz* (89 AD2d 569), a reversal and remittance for resentencing is necessary. Mollen, P. J., Lazer, Mangano and Niehoff, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JACKSON, Appellant. — Appeals by defendant from three judgments of the Supreme Court, Kings County (Starkey, J.), all rendered January 9, 1981, convicting him of manslaughter in the first degree, attempted robbery in the second degree and robbery in the third degree, upon his pleas of guilty, and imposing sentences. ¶ Judgments affirmed. ¶ On these appeals defendant challenges the validity of his negotiated pleas of guilty under three indictments charging him, *inter alia,* with murder in the second degree, robbery in the second degree and attempted robbery in the second degree. Defendant admitted to his guilt to the robbery charges and offered a *Serrano* plea (*People v Serrano,* 15 NY2d 304, 310) to the murder charge in exchange, *inter alia,* for a promise of an indeterminate term of imprisonment of 5 to 15 years for the crime of manslaughter in the first degree. Defendant did not seek to withdraw his plea by motion to Criminal Term at any time prior to sentence, nor at any time within the two and a half years between sentence and perfection of his appeal. His attack on his pleas cannot be entertained by this court as a matter of law (*People v Pellegrino,* 60 NY2d 636), and nothing in the record would prompt this court to exercise its discretion in the interest of justice under the circumstances of this case. (See *People v McKenzie,* 88 AD2d 646.) ¶ The judgments, accordingly, must be affirmed. Mollen, P. J., Mangano, O'Connor and Boyers, JJ., concur.