■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered November 18, 1982, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The defendant failed to raise his objections to the adequacy of his plea allocution in the court of first instance and accordingly has not preserved his claims for appellate review *(see, People v Pellegrino,* 60 NY2d 636; *People v Rivera,* 90 AD2d 836). In any event, the allocution established the requisite elements of attempted burglary in the second degree and the defendant knowingly, voluntarily, and intelligently pleaded guilty thereto *(see, People v Harris,* 61 NY2d 9). Nor was the defendant prejudiced by the court conducting his allocution simultaneously with that of a codefendant since the court made it clear that it was addressing itself to both the defendant and his codefendant and took pains to elicit a separate response from each. The defendant responded to each of the court's inquiries himself, often responding before his codefendant, and gave his own recital of the factual events surrounding the crime.

Similarly, the defendant's claims of ineffective assistance of counsel are not supported by the record and are based on allegations which require the making of an additional record. As such, these claims should be pursued by way of a collateral or postconviction proceeding pursuant to CPL 440.10 *(see, People v Montez,* 111 AD2d 877).

Finally, we note that the defendant received the sentence for which he bargained which was not excessive *(see, People v Montez, supra).* Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.