■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LAMONT LUCAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered November 20, 1981, as amended March 31, 1983 and May 5, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence as a juvenile offender.

Judgment, as amended, modified, by vacating the sentence imposed thereon. As so modified, judgment, as amended, affirmed, and matter remitted to the Supreme Court, Kings County, for resentencing in accordance herewith.

The issue of the voluntariness of the defendant's plea is not preserved for appellate review as a matter of law because he failed to move to set aside his plea prior to sentencing *(see, People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997; *People v Taylor,* 111 AD2d 836; *People v Jackson,* 101 AD2d 893; *cf. People v Camacho,* 102 AD2d 728). The defendant's claim that the issue of the voluntariness of his plea was preserved for appellate review because he raised it during resentencing (where he argued that the plea was involuntary because at the time of the allocution he was really 15 years old and a juvenile and not 16 years old as all of his records indicated), does not have any merit *(see, People v McKenzie,* 88 AD2d 646). We decline to address the issue of the voluntariness of the plea in the interest of justice.

However, the defendant's contention that the resentencing court abused its discretion when it resentenced him without ordering and considering an updated presentence report is meritorious. The court should have obtained an up-to-date presentence report before imposing the resentence *(see,* CPL 390.20; *People v Hayes,* 101 AD2d 893; *People v Cruz,* 89 AD2d 569). Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.