**Pedro COLON, Petitioner,**

**v.**

**Harold J. SMITH, Robert Abrams, The Attorney General of the State of New York, Respondents.**

**No. 84 Civ. 3144 (WCC).**

United States District Court,
S.D. New York.

Dec. 15, 1986.

Pedro Colon, Pro se.

Mario Merola, Dist. Atty., Bronx County, Bronx, N.Y., Jeremy Gutman, Asst. Dist. Atty., for respondents.

WILLIAM C. CONNER, District Judge.

Pedro Colon, who is currently incarcerated at the Attica Correctional Facility, has petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1982). For the reasons outlined below, his petition is denied.

### Background

On May 22, 1981, the Supreme Court of the State of New York, Bronx County (Silverman, J.) entered a judgment convicting petitioner, after a trial by jury, of murder in the second degree. Petitioner was sentenced to an indeterminate term of imprisonment of from fifteen years to life imprisonment. On May 26, 1983, the Appellate Division, First Department, unanimously affirmed petitioner's conviction without opinion. *People v. Colon,* 94 A.D.2d 982, 463 N.Y.S.2d 665 (1st Dept.1983). On July 27, 1983, the Honorable Bernard S. Meyer, Associate Judge of the New York Court of Appeals, denied petitioner's application for leave to appeal to that court. *People v. Colon,* 60 N.Y.2d 590, 467 N.Y.S.2d 1036, 454 N.E.2d 131 (1983). On December 8, 1983, the Supreme Court of the State of New York, Bronx County (Silverman, J.), denied petitioner's motion, pursuant to New York Criminal Procedure Law section 440.10, to set aside the judgment of conviction on the ground that the People knowingly adduced false testimony at trial. On January 17, 1984, the Honorable Arnold L. Fein, Associate Justice of the Appellate Division, First Department, denied petitioner's application for leave to appeal the order denying petitioner's motion to set aside the judgment. On February 28, 1984, the Honorable Bernard S. Meyer, Associate Judge of the Court of Appeals, dismissed petitioner's application to appeal Justice Fein's order denying leave to appeal to the appellate Division. *People v. Colon,* 61 N.Y.2d 908, 474 N.Y.S.2d 1030, 462 N.E.2d 1208 (1984).

In the present action, petitioner seeks a writ of habeas corpus based on several grounds, including ineffective assistance of counsel. Specifically, petitioner contends that his trial attorney failed to introduce available exculpatory material in petitioner's defense at trial. The respondent maintains that petitioner's request should be denied since the petitioner has failed to exhaust his state remedies with regard to this ground for relief in the complaint. Accordingly, respondent maintains, the petition must be dismissed since it contains a mixture of exhausted and unexhausted claims.

### Discussion

■ A prisoner is required to exhaust his state remedies before a federal writ of habeas corpus can be granted, unless state procedures would make exhaustion futile. 28 U.S.C. § 2254(b), (c) (1982); *Duckworth v. Serrano,* 454 U.S. 1, 3, 102 S.Ct. 18, 19, 70 L.Ed.2d 1 (1981) (per curiam). This requirement gives the state courts "an opportunity to consider and correct any violation of federal law," and thus "expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney General* 696 F.2d 186, 191 (2d Cir. 1982) *(en banc), cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). Where a petition containing exhausted and unexhausted claims is presented to a federal district court, that court must dismiss the petition, thus giving the prisoner the option of returning to state court to litigate his unexhausted claims or amending his district court petition to delete them. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

■ Petitioner's claim that his counsel was ineffective in that he did not introduce exculpatory material at petitioner's murder trial has never been presented to a state court for consideration. While it is true that this point was raised in petitioner's appellate brief filed in state court, it was not supported by any facts contained in the trial record. Accordingly, pursuant to New York law, this claim could not be considered by the state appellate court which considered the appeal. See *People v. Roberts,* 89 A.D.2d 912, 453 N.Y.S.2d 727 (2d

Dept.1982); *People v. Brown,* 117 A.D.2d 741, 498 N.Y.S.2d 468 (2d Dept.1986).

At this time, petitioner's claim may be submitted to a New York State trial court, pursuant to section 440.10 of New York's Criminal Procedure Law, which is empowered to make additional factual determinations based on evidentiary proceedings. Because, as outlined above, the petition for a writ of habeas corpus contains both exhausted and unexhausted claims, it is dismissed, with leave to reinstate the action nunc pro tunc by filing within 30 days an amended complaint deleting the unexhausted claim.

So Ordered.