■ ALFREDO GONZALEZ, Respondent, v. PARTITION SERVICING CO., INC., Appellant.— Judgment in favor of plaintiff after trial of this personal injury action unanimously reversed, on the law and the facts, with $50 costs to appellant, and the complaint dismissed. Plaintiff, a truck driver's helper, was employed by a rubbish removal company which had been engaged by defendant, a dealer in partitions, on this and prior occasions to remove glass and other debris from its premises. Plaintiff testified that while maneuvering a large piece of glass so that he could throw it out of a window onto his truck it broke without making contact with any object and cut his arm. There was no evidence that the glass pane was defective. Plaintiff's injuries did not result from the failure of defendant to furnish him with a safe place to work or in failing to keep its premises safe. The injuries occurred because of the prosecution of the work itself as undertaken by plaintiff's employer, hired as an independent contractor by defendant. Defendant did not direct the manner in which the work should be performed, and it exercised no supervision over the performance. Under the circumstances defendant is not responsible if plaintiff, his coemployee or his employer failed to adopt a proper method for doing the work (*Zucchelli v. City Constr. Co.*, 4 N Y 2d 52; *Iacono v. Frank & Frank Contr. Co.*, 259 N. Y. 377; *Olsen v. Chase Manhattan Bank*, 10 A D 2d 539). Concur — Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ.

■ SAMUEL EARGLE, Respondent, v. CITY OF NEW YORK, Defendant, and RUSCIANO CONSTRUCTION CORP. et al., Appellants.— Judgment unanimously reversed on the law and the facts and a new trial ordered, with $50 costs to appellants. Plaintiff was injured while driving his truck north on Brook Avenue near 135th Street. There is an underpass at this point and defendants were doing construction work in connection with the underpass. Defendants had erected two towers immediately south of the underpass entrance. Resting on these two towers and 13 feet above the roadway were two parallel I-beams. The northerly of these rails fell and struck plaintiff's truck, injuring him in the act. Plaintiff relies on *res ipsa loquitur*. The record shows that the beams were adequately affixed to the towers by spikes driven through holes in the beams. There was no indication of wear either in the towers or the beams. In fact, the evidence is clear that the northerly of the two beams (the one that fell) was caused to fall by being pushed off the tower by movement of the southerly beam, which had been shoved forward. The physical facts strongly indicate that the movement of the southerly beam was occasioned by some sudden contact, most likely the plaintiff's own truck. The verdict is against the weight of the credible evidence. Concur — Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ.

■ MYRNA L. BLACK, Respondent, v. HARVEY H. BLACK, Appellant.— Order, entered on or about March 3, 1964, striking certain defenses, unanimously modified on the law and in the exercise of discretion to the extent of permitting defendant to serve an amended answer in which the defense of laches may be pleaded to all causes of action in the complaint and the defense based on the alleged adultery as a defense to the third, fourth and fifth causes may be set up and, as so modified, affirmed, without costs to either party. While it is true that the mere passage of time does not establish laches, it is equally true that even a comparatively short period during which a plaintiff has failed to assert her rights may, under certain circumstances, induce the defendant to change his position. Defendant should have an opportunity to so plead. Concededly, the defense of adultery may be asserted. The objection is to the lack of specificity. While most of the objections on this ground can be cured by a bill of particulars, as there is to be a new pleading, the additional detail that would constitute a more adequate pleading can be supplied. (CPLR 3103.) Concur — Botein, P. J., Rabin, Eager, Steuer and Bastow, JJ.