Bergan, J.

Defendant has been convicted of robbing and assaulting Dorothy Ringwood, July 10, 1965, on a record which adequately supports the judgment. Six months later, January 15,1966, he was arrested on another robbery and assault charge and a search of the trunk of his automobile shortly after arrest disclosed a wallet with Miss Ringwood’s name on it and certain papers, bank books and charge cards belonging to her.
Defendant contends that the refusal of the court to suppress this evidence was error, since the items were discovered in course of an unlawful search of the car. It is necessary, then, to look at the circumstances under which «the police made the search.
Early in the morning of January 15 the police received a report of a robbery and assault on Diane Tiederman with a description of the assailant and a detailed description of a car he was using as an instrumentality in the crime. These descriptive details were given to the police by Miss Tiederman.
A short time after this information had been sent out by radio a policeman saw defendant driving a car. Driver and car matched the detailed descriptions and defendant was arrested. The policeman saw a woman’s handbag and a coat on the front seat of the car which he believed belonged to Miss Tiederman and, looking under the seat and dashboard, he found a knife.
Police took custody of the' car and a short time later that morning at a police station made a thorough search of it when the items owned by Miss Ringwood, the victim of this present crime, were uncovered in the trunk. A knife had been used in both assaults.
*285 The car was so connected in ongoing relationship and direct instrumentality with the Tiederman crime, as it was reported and described to police, that its seizure and inspection without a warrant were justified on probable cause independently of association with defendant’s arrest.
The circumstances in which there is probable cause to justify police officers to seize and search an automobile are clarified and defined in the 1970 decision addressed to a prosecution conducted in the State courts of Pennsylvania in Chambers v. Maroney (399 U. S. 42).
There an automobile had been used by four men to approach and get away from a gasoline station where two of them had robbed the station attendant using a gun. Witnesses gave police a description of the car, of the two men who entered the station, and of the fact one of them wore a green sweater; one a trench coat; and that the car carried four men.
Within an hour, and two miles from the gas station, police saw a car answering the description which had been sent out, containing four men, one of them wearing a green sweater. They stopped the car and arrested the men.
The car was taken to a police. station where ‘ ‘ a thorough search ” was made (p. 44). In a concealed compartment under the dashboard police found two guns, a right-hand glove containing change which was tied into the crime committed an hour before, and, what is important for the purpose of our present case, cards bearing the name of an attendant in another gas station who had been robbed seven days earlier (May 13,. 1963). A trench coat was found in the car. Petitioner was tried and convicted of both robberies. The evidence seized in the car was used as proof of both (p. 45).
The court held the search of the car and the seizure of evidence lawful, not as an incident to the arrest, but by reason of probable cause concerning the car itself and its use in the last crime.
Distinguishing Preston v. United States (376 U. S. 364), as dealing with a warrantless search in connection with an arrest, and Dyke v. Taylor Implement Co. (391 U. S. 216), as being a search without probable cause, the court noted: ‘ ‘ Here the situation is different, for the police had probable cause to believe that the robbers, carrying guns and the fruits of the crime, had *286 fled the scene in a light blue compact station wagon which would be carrying four men, one wearing a green sweater and another wearing a trench coat ” (p. 47).
There was probable cause, said the court, not only for the arrest, but ‘ ‘ just as obviously ’ ’ there was ‘ ‘ probable cause to search the car for guns and stolen money ” (pp. 47, 48). The court noted the consistency of this ruling with the 1925 case of Carroll v. United States (267 U. S. 132) which had distinguished the difference in measure of protection against search, between a vehicle and a home.
In these circumstances the marked limitations of time and place that have surrounded searches of vehicles incident to a lawful arrest do not apply (see Preston v. United States, 376 U. S. 364, supra; Agnello v. United States, 269 U. S. 20; People v. Lewis, 26 N Y 2d 547). This court has in appropriate circumstances sustained searches based on probable cause related to the vehicle itself (People v. Montgomery, 15 N Y 2d 732; People v. Cassone, 14 N Y 2d 798). In Lewis, where the court held the search in connection with that arrest invalid, the basic rule justifying the vehicle search was restated: ‘ ‘ There must exist a reasonable belief that the search will produce the fruits, instrumentalities, contraband or evidence ” (26 N Y 2d, at p. 552).
And the fact that the probable cause for searching the car arose from the Tiederman robbery does not bar the use of the evidence of the Ringwood robbery uncovered in the course of that properly initiated search.
In this respect the case is fully identical with Chambers v. Maroney (399 U. S. 42, supra). There the crime of that night justified the search, but evidence of another crime a week earlier and at an entirely different community uncovered in the search was found properly used in the prosecution of the earlier crime. A similar rule exists in this State as to evidence of another crime discovered as an incident to a lawful arrest (People v. Hoffman, 24 A D 2d 497).
Defendant’s lawyer in this court argues that his trial counsel was so incompetent that he was deprived of effective representation. No motion or other application was made by defendant to the trial court addressed to this complaint and appellant *287 asks this court, by a first-instance analysis of the record, to make an initial determination of incompetency.
This kind of evaluation must be made and determined in the court in which the record is made and does not lie within the compass of appellate review by a court limited to properly preserved questions of law. Trial counsel was initially retained by defendant and later assigned; and some of the matters complained of on this appeal are arguably matters of strategy or style in advocacy.
The People concede that the consecutive sentences for robbery and grand larceny should have been made to run concurrently (former Penal Law, § 1938).
The judgment should be modified to provide that the sentences for robbery and grand larceny run concurrently; and, as modified, affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Breitel, Jasen and Gibson concur.
Judgment accordingly.