OPINION OF THE COURT
Memorandum.
Order of the Appellate Division reversed and new trial ordered. The record, unlike as in most "ineffective counsel” cases, demonstrates beyond cavil that defendant was lacking effective counsel throughout the prosecution against him. For whatever reason, despite undoubtedly sincere efforts on his part, assigned defense counsel failed to protect the interests of his client. The result of reversal is unfortunate since the guilt of defendant was, and even with effective counsel most likely would have been, established by overwhelming evidence. Nevertheless, defendant was entitled to a fair trial represented by effective counsel. (See, e.g., People v Droz, 39 NY2d 457, 462, and cases cited; People v Bennett, 29 NY2d 462, 465-467.) Generally, the ineffectiveness of counsel is not demonstrable on the main record, but in this case it is. Consequently, in the *854 typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10 (cf. People v Brown, 28 NY2d 282, 286-287).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.