OPINION OF THE COURT
Memorandum.
Order of the Appellate Division affirmed, without costs. Submission by respondents of material outside the record and discussion in respondents’ brief of such material have been disregarded. Because of the inclusion of the offending material costs are not awarded.
Intervenor-appellant was not, as respondent banks argue, just any member of the public, but a serious bidder who had made various commitments to effectuate its bid. In addition, as an alleged assignee it had an equitable ownership interest in the property resulting from a contract of sale made with mortgagor, defendant in this foreclosure proceeding (cf. Flickinger v Glass, 222 NY 404, 409-410). Nevertheless, it is unnecessary to consider whether intervenor has standing to attack the foreclosure sale, because on any view its contentions must fail because of laches. The three-month delay in taking action after having learned within minutes of the irregularity in the foreclosure proceeding was inexcusable, and caused a substantial change in position by respondents, who had contracted to resell the property to third parties. This combination of inex *856 cusable delay and detriment to other parties requires application of the doctrine of laches (see, e.g., Black v Black, 22 AD2d 673). While this is a matter generally left to the discretion of the courts below, which did not expressly pass on the laches question, in this case the record requires application of the laches doctrine as a matter of law.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order affirmed.