■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD MILERSON, Respondent.—Appeal by the People from an order of the Su-

preme Court, Westchester County, dated May 28, 1979, which, after a hearing, granted defendant's motion to suppress physical evidence (a gun and a quantity of marihuana) and certain oral and written statements made by him. Order modified, on the law, by deleting so much thereof as suppressed the admission into evidence of the gun and substituting therefor a provision denying the motion as to the gun. As so modified, order affirmed. In our opinion, the hearing court correctly suppressed the marihuana found on defendant's person and his oral and written statements (admitting, *inter alia,* the unauthorized ownership of the gun) made under custodial interrogation at the police station. That evidence was obtained as a direct result of the initial "seizure" of defendant's person at the time the police required defendant to drive the automobile, of which he was the chauffeur, to the police station, and is thus the fruit of the poisonous tree (see *Wong Sun v United States,* 371 US 471; *Brown v Illinois,* 422 US 590, 603; *People v Martinez,* 37 NY2d 662; cf. *People v Chapple,* 38 NY2d 112). However, the police station search of the automobile, which led to the discovery of the gun, was proper. Such a search comes under the automobile exception to the warrant requirement, as the police had probable cause to believe that the automobile in question might contain fruits or instrumentalities of crimes committed by defendant's passenger, a Mr. Fisher (see *Chambers v Maroney,* 399 US 42; *People v Brown,* 28 NY2d 282; *People v Brosnan,* 32 NY2d 254). Hopkins, J. P., Damiani, O'Connor and Rabin, JJ., concur.