■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v CLINTON HILL, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered December 4, 1978, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. By order dated July 21, 1980, this case was remitted to the County Court, Westchester County, to hear and report on that part of defendant's motion which was to suppress physical evidence *(People v Hill,* 77 AD2d 629). The County Court has complied. Judgment modified, on the law, by vacating the sentence imposed. As so modified, judgment affirmed and matter remitted to the County Court, Westchester County, for resentencing in accordance with the views expressed by Mr. Justice Mangano in his dissenting memorandum in *People v Hill (supra).* Mangano, J. P., Gibbons, Rabin and Gulotta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WALTER HILL, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated April 28, 1980, which granted defendant's motion to suppress certain physical evidence. Order reversed, on the law, motion denied and case remitted to Criminal Term for further proceedings consistent herewith. On June 1, 1979 a woman flagged down a police car and reported that she had been abducted by a black male at gun point and that he had just left in a tractor trailer truck, traveling east on Liberty Avenue. A radio message was issued conforming to her complaint. Within one minute of the broadcast, another police car spotted

a truck which fit the description about to stop at a traffic light. The police stopped the vehicle and asked the defendant to step down. As he did, the complainant drove up in the first police car and identified the defendant as her assailant. As one officer proceeded to arrest the defendant, the other officer searched the seat area of the truck and discovered a .32 caliber loaded revolver under a pillow in the sleeping compartment. Thereafter, defendant was indicted for the crime of criminal possession of a weapon in the third degree. The defendant then moved to suppress the gun and, after a hearing, his motion was granted. The warrantless search of the defendant's vehicle, which resulted in the discovery of the weapon, was within the parameters of the so called "automobile exception" to the warrant requirement of the Fourth Amendment (see *Carroll v United States,* 267 US 132; *Chambers v Maroney,* 399 US 42). There was no advance opportunity to obtain a warrant prior to seizure of the vehicle, the truck was stopped on a public highway, and there was a reasonable possibility that a search of the vehicle would produce the weapon allegedly used to commit the crime (see *Carroll v United States, supra; People v Clark,* 45 NY2d 432; *People v Brown,* 28 NY2d 282; *People v Milerson,* 72 AD2d 588, affd 51 NY2d 919). Probable cause to search was proven at the suppression hearing in that the police had a description of the assailant and his truck from the victim, the complainant had identified the defendant at the scene and no weapon was found when he was frisked (see *Chambers v Maroney, supra; People v Clark, supra; People v Brown, supra).* Under these facts, the exigencies were such that the warrantless search of defendant's truck was proper and the gun discovered during the search should not be suppressed. Lazer, J. P., Mangano, Gibbons and Gulotta, JJ., concur.