■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DE WITT SLOAN, Appellant, v WARDEN et al., Respondents. — Judgment, Supreme Court, Bronx County, entered December 2, 1980, which dismissed relator's writ of habeas corpus, unanimously reversed, on the law, the petition is granted and the relator is reinstated to parole under the conditions theretofore in effect. The relator's final parole revocation hearing was held 125 days after his waiver of a preliminary hearing, which period is beyond the 90 days specified in section 259-i (subd 3, par [f], cls [i], [iii]) of the Executive Law. Scrutiny of the record discloses that respondent New York State Division of Parole failed to make an adequate showing that relator, incarcerated in a local facility, was beyond its control. No evidence was elucidated regarding whether there indeed was a riot situation at Rikers Island, and whether relator was involved with or even housed in proximity to the disturbance. Similarly, the extent and duration of the disturbance were not shown. Also, it is undisputed that relator did not receive the required notice of hearing for the hearing scheduled on August 27, 1980. No attempt was apparently made to correct the incorrect mailing address. The first notice of final parole revocation hearing was received by relator on September 22, 1980. (Note that the relator was served with notice of parole violation on June 23, 1980, at which time he waived his right to a preliminary hearing.) Accordingly, we conclude that the relator did not receive a timely final parole revocation hearing and is entitled to vacatur of the parole violation warrant and reinstatement of parole (see *People ex rel. Levy v Dalsheim,* 48 NY2d 1019). Concur — Ross, J. P., Carro, Lupiano, Bloom and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v CARMELO ALICEA. — Motion for leave to enlarge the record on appeal denied. (See *People v Brown,* 45 NY2d 852, 853.) Concur — Kupferman, J. P., Sullivan, Carro and Silverman, JJ.