■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM C. ROBERTS, Appellant. — Appeal by defendant from two judgments of the County Court, Suffolk County (Doyle, J.), both rendered November 30, 1979, convicting him of two counts of robbery in the first degree (one under each indictment), upon his pleas of guilty, and imposing sentences. Judgments affirmed. On appeal defendant contends that: (1) the imposition of two indeterminate prison terms of 7 to 14 years to be served concurrently was excessive and should be reduced in the interest of justice; (2) as a result of his being denied right of counsel during crucial pre-indictment stages, the ensuing indictments were so tainted as to be invalid and therefore the County Court was divested of jurisdiction; and (3) the attorney who was finally assigned failed to represent him adequately and effectively. In view of defendant's involvement in serious criminal offenses over a substantial period of time, and the seriousness of the crimes for which he has been convicted herein (two armed robberies), the indeterminate sentences of 7 to 14 years to run concurrently, which are in accordance with the sentences promised by the court at the time defendant's pleas of guilty were taken, are both legal and appropriate. With respect to defendant's complaint that he was denied the right of counsel during the crucial pre-indictment stages, he asserts that the following procedural rights were lost by him during that period: (1) no preliminary felony examination was ever held, nor was such an examination ever waived; (2) his right to be released from custody under the felony complaint was violated because of a failure of disposition (CPL 180.80); (3) he was not notified of the Grand Jury proceedings and thus was unable to appear before that body as a witness in his own behalf (CPL 190.50, subd 5); and (4) he was deprived of an opportunity to move for dismissal of the indictments. Based on the foregoing contentions, defendant argues that the indictments herein were invalid, the County Court had no jurisdiction to accept his pleas, and, therefore, the change of plea and sentence procedures were a nullity. Since the allegations raised on this issue in defendant's brief involve matters dehors the record, they may not be considered by this court on the appeal from the judgment of conviction (see *People v Johnson,* 73 AD2d 652; *People v Mann,* 42 AD2d 587). However, defendant may address such issues in an application to the County Court to vacate the judgments of conviction pursuant to CPL 440.10, and have all substantial and material questions of fact generated by such application resolved by that court (see *People v Matay,* 82 AD2d 867, 868). As to defendant's remaining point, i.e., the alleged ineffectiveness of the attorney who was eventually assigned to his case, we do not believe that such allegations are demonstrable on this record. However, we adhere to the proposition advanced by the Court of Appeals that an appellate attack on the effectiveness of counsel in certain instances should also "be bottomed on an evidentiary exploration by collateral or post-conviction proceeding[s] brought under CPL 440.10" (*People v Brown,* 45 NY2d 852, 854). Titone, J. P., Lazer, O'Connor and Rubin, JJ., concur.