Michael JOURNET, Petitioner,

v.

Phillip COOMBE, Jr., Superintendent, Eastern Correctional Facility, Respondent.

No. 83 Civ. 2273 (SWK).

United States District Court, S.D. New York.

Oct. 17, 1986.

Michael Journet, pro se.

Robert M. Morgenthau, Dist. Atty., New York City, for respondent.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Respondent has moved to reargue this Court's denial of respondent's motion to dismiss petitioner Michael Journet's habeas corpus petition on the ground, 567 F.Supp. 503, that Journet failed to exhaust his state court remedies as to his ineffective assistance of counsel claim, as required by 28 U.S.C. § 2254(b) and (c). Respondent maintains that the New York Appellate Division's affirmance of Journet's conviction, without opinion, must be viewed as having decided Journet's ineffective assistance of counsel claim on procedural grounds rather than on the merits. Respondent relies upon the general rule that when procedural arguments and claims on the merits are both advanced before a state court, a presumption arises that an appellate court's affirmance without opinion was predicated on a procedural ground and that the appellate court did not reach the merits of the question presented in the habeas petition. *Martinez v. Harris*, 675 F.2d 51, 54 (2d Cir.1982).

Because the Court can find no evidence of respondent's having advanced a clear procedural argument regarding petitioner's ineffective assistance of counsel claim, the Court finds that petitioner exhausted his state court remedies on this claim. Respondent's motion is denied.

### I

Petitioner is presently incarcerated pursuant to his state conviction for selling almost four ounces of cocaine to an undercover agent in New York City on October 29, 1975. Following his conviction, Journet appealed to the New York Appellate Division, First Department. His appellate counsel submitted a brief which failed to include an ineffective assistance of counsel

argument. Petitioner, however, subsequently filed a timely supplemental *pro se* brief which alleged that his trial counsel had been ineffective. The State of New York submitted a reply brief in response to Journet's *pro se* supplemental brief. After the Appellate Division affirmed Journet's conviction without opinion, leave to appeal to the New York Court of Appeals was denied. Journet subsequently brought a motion to vacate his sentence pursuant to New York Criminal Procedure Law (CPL) § 440.20, on the ground that his indeterminate sentence of from fifteen years to life was excessive. That motion was denied. Petitioner then petitioned this Court for a writ of habeas corpus, claiming four grounds for relief, including the ineffective assistance of counsel claim. Conceding that Journet had exhausted his remedies on three of those claims, respondent argued that the entire petition should be dismissed for failure to exhaust the ineffective counsel claim, as mandated by *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court rejected that argument. Respondent's motion to reargue is now before the Court.

## II

Respondent apparently views its state appellate claim that Journet's *pro se* brief failed to demonstrate where in the record grounds for his legal claim could be found, as a procedural argument. Nowhere in its appellate brief, however, did respondent state, as respondent does before this Court, that appellate review of the merits of Journet's claim should have been preceded by a collateral CPL § 440.10 motion before appeal.

New York procedural law contains no general requirement that a defendant arguing ineffective assistance of counsel must first make a CPL § 440.10 motion in order

to provide the trial court with the opportunity to grant an evidentiary hearing to call up facts unknown at the time of judgment. Rather, an ineffective assistance of counsel claim may be reviewed for the first time on direct appeal. *See e.g., People v. Baldi*, 54 N.Y.2d 137, 444 N.Y.S.2d 893, 429 N.E.2d 400 (1981).

A convicted defendant who does elect to first raise this claim on appeal does bear the risk of an appellate court ruling on the merits, after finding the record alone insufficient to support the defendant's claim. *See People v. Love*, 57 N.Y.2d 998, 457 N.Y.S.2d 238, 443 N.E.2d 486 (1982); *People v. Lane*, 60 N.Y.2d 748, 751, 469 N.Y.S.2d 663, 457 N.E.2d 769 (Meyer, J., concurring) (1983). A ruling on the merits of a defendant's ineffective assistance of counsel claim also bars a defendant from subsequently seeking collateral review of the issue. CPL § 440.10(2)(a).

The Court acknowledges that Journet might have chosen a better course of action had he first raised his ineffective assistance of counsel claim collaterally before the trial court,[1] thus providing the opportunity to develop facts not found in the record.[2] However, Journet's failure to pursue a CPL § 440.10 motion prior to his appeal is not relevant to the Court's decision. Rather, the Court bases its decision on the State's failure to advance a procedural argument regarding petitioner's ineffective assistance of counsel claim. The Court concludes, therefore, that the Appellate Division's affirmance was determined on the merits and that Journet has exhausted his state court remedies.

Accordingly, respondent's motion for reargument is denied. Respondent has already submitted to the Court a Memorandum opposing the merits of petitioner's ha-

---

**1.** Since Journet proceded *pro se* on this issue, he may have simply been unaware of such an option.

**2.** The New York Court of Appeals has stated that "in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on

an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.-10". *People v. Brown,* 45 N.Y.2d 852, 853–54, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978). The State did not advance this argument in its brief to the Appellate Division.

beas claims, and the Court will consider the merits in a separate opinion.

SO ORDERED.