Harold E. **WALKER**, Petitioner,

v.

Stephen **DALSHEIM**, Respondent.

No. 84 CIV. 5378 (PKL).

United States District Court,
S.D. New York.

Aug. 17, 1987.

Harold E. Walker, pro se.

Charles C. Davis, Jr., Asst. Atty. Gen., New York City, for respondent.

---

## ORDER

LEISURE, District Judge:

WHEREAS, the petitioner, appearing *pro se*, brought this petition for habeas corpus challenging his conviction on November 19, 1982 in the Supreme Court of the State of New York, New York County, on a plea of guilty for Attempted Criminal Use of a Firearm in the First Degree; and

WHEREAS, the Hon. Sharon E. Grubin, United States Magistrate, acting pursuant to 28 U.S.C. § 636, issued a Report and Recommendation ("Report") with regard to the petition on July 24, 1987; and

WHEREAS, Magistrate Grubin did recommend in her Report that the petition be dismissed without prejudice; and

WHEREAS, petitioner filed an objection to the Report on August 6, 1987; and

WHEREAS, with respect to petitioner's objections to Magistrate Grubin's Report, this Court has conducted a *de novo* review of the entire record; and

WHEREAS, this Court finds Magistrate Grubin's findings and recommendations to be consistent with the law in this Circuit regarding the exhaustion of state remedies in the context of petitions for habeas corpus; therefore,

IT IS HEREBY ORDERED that Magistrate Grubin's Report is adopted in its entirety; and

IT IS HEREBY ORDERED that this petition be dismissed without prejudice.

SO ORDERED.

## REPORT AND RECOMMENDATION TO THE HONORABLE PETER K. LEISURE

SHARON E. GRUBIN, United States Magistrate:

*Pro se* petitioner Harold E. Walker seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on November 19, 1982 in the Supreme Court of the State of New York, New York County, on a plea of guilty for Attempted Criminal Use of a Firearm in the First Degree (N.Y.Penal Law §§ 110.00, 265.09). Petitioner was sentenced as a predicate felony offender on December 14, 1982 to a term of imprisonment of four to eight years.

As discussed below, I respectfully recommend that your Honor dismiss this petition without prejudice because petitioner has failed to exhaust state remedies.

## PROCEDURAL BACKGROUND

Petitioner pursued his appeal *pro se* to the Appellate Division, First Department, after his court-appointed attorney was granted leave by that court to withdraw on the ground that any appeal of the conviction would be frivolous. In his *pro se* brief to the Appellate Division petitioner argued that (1) he had been denied effective assistance of trial and appellate counsel, (2) his guilty plea was invalid because the allocution did not include a correct statement of the underlying facts, and (3) his guilty plea was invalid because there was not evidence sufficient to establish the New York statutory predicate for criminal use of a firearm. On March 15, 1984 the Appellate Division unanimously affirmed petitioner's conviction in a memorandum decision which held, in its entirety, as follows:

"We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal."

99 A.D.2d 987, 472 N.Y.S.2d 867. On June 20, 1984 the Court of Appeals of the State of New York denied petitioner leave to appeal (*see* Certificate Denying Leave, June 20, 1984, submitted herein with Respondent's Affidavit in Opposition dated August

5, 1985). Petitioner did not seek any post-conviction collateral review in the state courts.

## THE CLAIM HEREIN

This petition presents the single claim of ineffective assistance of trial counsel[1] on the basis of the following allegations of incompetence on the part of three attorneys of the Legal Aid Society who represented petitioner at the trial level: (1) failure to investigate alleged improper post-arrest police behavior; (2) failure to request a preliminary hearing; (3) failure to present petitioner before a grand jury or at arraignment; (4) failure to consult with petitioner on a timely basis; (5) failure to demand discovery and file timely pretrial motions; and (6) failure to object to improper sentencing. Petitioner raised each of these specific allegations of attorney incompetence in his direct appeal to the state courts.

## DISCUSSION

■ A person in state custody must exhaust his state remedies before seeking federal habeas corpus review.[2] This rule is based on considerations of comity between the federal and state courts, ensuring that the state courts have an opportunity to consider and correct any violations of their prisoners' federal constitutional rights. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Klein v. Harris*, 667 F.2d 274, 282 (2d Cir.1981). In order to exhaust state remedies for federal habeas corpus purposes, a petitioner not only must have raised in the state courts the factual and the legal premises of the claims he asserts in federal court, *Daye v. Attorney General of the State of New York*, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*), *cert. denied*, 464 U.S. 1048, 104

S.Ct. 723, 79 L.Ed.2d 184 (1984), but also must have employed the proper state law procedural vehicle so that the state courts were afforded the opportunity to consider the claims raised on their merits, *Dean v. Smith*, 753 F.2d 239 (2d Cir.1985). In *Dean*, the Second Circuit held that state court remedies had not been exhausted where the petitioner had presented his claim to the wrong state court by employing the wrong procedural vehicle. *See also Martinez v. LeFevre*, No. 84–4672 (S.D. N.Y. Nov. 13, 1986) [Available on WEST-LAW, DCT database] ("[I]t is clear that an attempt to exhaust state remedies by recourse to incorrect procedure under state rules cannot succeed.").

■ Petitioner herein employed an incorrect procedural vehicle in the New York courts in raising his claim of ineffective assistance on his direct appeal. The proper procedural vehicle under New York law for raising a claim of ineffective assistance of trial counsel is generally not a direct appeal but a motion to the trial court to vacate the judgment under New York Criminal Procedure Law Section 440.10. This is so because normally the appellate court has no basis upon which it would be able to consider the substance of such a claim until a record of the relevant facts has been made at the trial court level. Thus, in *People v. Brown*, 28 N.Y.2d 282, 321 N.Y.S.2d 573, 270 N.E.2d 302 (1971), where a defendant argued to the New York Court of Appeals that he had been denied effective assistance of trial counsel, the Court of Appeals noted that the issue had not been presented to the trial court and held:

"This kind of evaluation must be made and determined in the court in which the record is made and does not lie within the compass of appellate review by a court

1. Petitioner originally alleged as additional grounds for relief the other two claims he had presented to the Appellate Division, but he has now withdrawn them. *See* Memorandum of Law in Support of Petitioner's Writ of Federal Habeas Corpus, dated October 3, 1985, at 11–12.

2. 28 U.S.C. § 2254(b) provides:
"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner."

limited to properly preserved questions of law."

28 N.Y.2d at 287, 321 N.Y.S.2d at 577, 270 N.E.2d at 305. *See also People v. Ramos,* 63 N.Y.2d 640, 643, 479 N.Y.S.2d 510, 512, 468 N.E.2d 692 (1984); *People v. Brown,* 45 N.Y.2d 852, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978); *People v. Roberts,* 89 A.D.2d 912, 912, 453 N.Y.S.2d 727, 729 (2d Dep't 1982) (mem.).

In *Sanchez v. LeFevre,* No. 86–1356 (S.D. N.Y. May 22, 1986) [Available on WEST-LAW, DCT database], a habeas corpus petitioner argued that his trial counsel had rendered ineffective assistance because he had not challenged the purported probable cause for his arrest and subsequent lineup identification. The petitioner, like petitioner here, had raised this issue solely on his direct appeal. Judge Goettel of this court held:

"This issue was not properly presented to the state court since there never was a hearing to determine defense counsel's reasons for not making a suppression motion. It appears that the New York Appellate Court (which customarily affirms without opinion) could not substantively rule on the appellate issue presented. Consequently, this issue in the petition should not be considered."

Slip Op. at 4. In the recent decision of *United States ex rel. LaSalle v. Smith,* 632 F.Supp. 602 (E.D.N.Y.1986), Judge Korman thoroughly addressed this issue. The petitioner there had argued on his direct appeal to the Appellate Division that trial counsel's assistance had been ineffective. Judge Korman held that the petitioner's failure to seek an evidentiary hearing in the trial court pursuant to Section 440.10 of the New York Criminal Procedure Law had made it impossible for the Appellate Division, which affirmed the conviction without opinion, to resolve the claim and dismissed the petition for failure to exhaust state remedies. 632 F.Supp. at 603. Judge Korman explained:

"While petitioner raised the issue of the competency of counsel on the direct appeal from the judgment of conviction and in his application for leave to appeal to the New York Court of Appeals, and while petitioner need not be compelled to make repetitious applications for relief, the relief petitioner sought by way of appeal in this case was simply the wrong remedy given the nature of his claim. The appropriate procedural vehicle, as the Court of Appeals held in *People v. Brown* [45 N.Y.2d 852, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978)], was a 'collateral or post-conviction hearing brought under C.P.L. 440.10.' Surely, the same considerations of policy and practicality which underly [sic] the 'exhaustion' doctrine are as much implicated when a petitioner chooses the wrong procedure to press his claims as when he fails to make any effort to obtain relief."

632 F.Supp. at 605 (footnote omitted). The court further explained:

"While petitioner raised his claim of ineffective assistance of counsel on direct appeal to the Appellate Division and in his application for leave to appeal to the New York Court of Appeals, 'the state statutory scheme and the Court's own policies militated against reviewing the issue at this procedural state,'.... This being the case, 'the mere presentation' of the ineffective assistance of counsel issue on direct appeal 'did not create a fair opportunity for decision, and consequently did not authorize [petitioner] to proceed to federal court without seeking a state post-conviction remedy.' *Kellotat v. Cupp,* [719 F.2d 1027, 1031 (9th Cir. 1983)]."

632 F.Supp. at 606 (footnote omitted).

While there is a line of New York cases which has permitted ineffective assistance claims to be maintained on direct appeal, such cases have generally concerned allegations of incompetent attorney conduct that could be judged on the record already developed at the trial level. The New York Court of Appeals explained in *People v. Brown,* 45 N.Y.2d at 853–54, 410 N.Y.S.2d at 287, 382 N.E.2d at 1149–50:

"Generally, the ineffectiveness of counsel is not demonstrable on the main record.... Consequently, in the typical case it would be better, and in some

cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10."

*See also, e.g., People v. Baldi,* 54 N.Y.2d 137, 444 N.Y.S.2d 893, 429 N.E.2d 400 (1981) (challenge to five instances of attorney conduct reviewed on direct appeal where four of them were fully apparent on trial record). *But see People v. Love,* 57 N.Y.2d 998, 457 N.Y.S.2d 238, 443 N.E.2d 486 (1982) (court considered claim on direct appeal and denied it after review of trial minutes, but stated "we cannot conclude that defendant's counsel was ineffective simply by reviewing the trial record without the benefit of additional background facts that might have been developed had an appropriate after-judgment motion been made pursuant to CPL 440.10"); *People v. Drummond,* 99 A.D.2d 760, 471 N.Y.S.2d 679 (2d Dep't 1984) (mem.) ("This court cannot say on the record before it that defendant was denied the effective assistance of counsel.... For the most part, defendant's claims require the making of an additional record, and should be determined by way of a collateral or postconviction proceeding pursuant to CPL 440.10"). In an opinion issued in *Journet v. Coombe,* 646 F.Supp. 431 (S.D.N.Y.1986), Judge Kram of this court refused to find lack of exhaustion of an ineffective assistance

claim made by a habeas petitioner which had been presented only on direct appeal to the Appellate Division. Judge Kram, citing *People v. Baldi,* 54 N.Y.2d 137, 444 N.Y. S.2d 893, 429 N.E.2d 400, stated that under New York procedural law an ineffective assistance claim may be reviewed for the first time on direct appeal of a conviction without a § 440.10 motion having first been made.[3] Judge Kram went on, however, to state that this issue was not relevant to her decision to allow the ineffective assistance claim, but rather that she was basing her decision on the fact that the state had not presented the procedural argument to the Appellate Division so that she deemed the Appellate Division's silent affirmance of the conviction in that case to have been on the merits and the claim, therefore, exhausted.[4]

Five of the six specific challenges petitioner herein makes to his trial attorneys' competence (see page 70, *supra* ) all relate to matters of which no record was ever made at the trial level. Indeed, the only minutes of proceedings in this case are those of his guilty plea (which, according to respondent, can no longer be found (*see* Memorandum of Law in Opposition to Petitioner's Application for a Writ of Habeas Corpus at 1 and Exhibit 1 annexed thereto)) and of his sentencing. The essence of petitioner's claim herein appears to be that he had no choice but to plead guilty because

---

**3.** As indicated above, however, *People v. Baldi* concerned alleged attorney incompetence that was reviewable in the trial minutes.

**4.** With all due respect, I do not agree that the doctrine of *Martinez v. Harris,* 675 F.2d 51 (2d Cir.), *cert. denied,* 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982) (construing the Appellate Division's silence as a procedural ruling if the procedural issue were argued to it by the state), is an appropriate consideration on this issue of exhaustion with which we are concerned. The appropriate inquiry for exhaustion purposes must always be whether the state appellate courts had a "fair opportunity" to consider the merits of the claim. *See Picard v. Connor,* 404 U.S. at 276, 92 S.Ct. at 512–13; *Daye v. Attorney General,* 696 F.2d at 191. If the Appellate Division were presented with an ineffective assistance claim concerning alleged events of which there were no record, it simply could not have reviewed the claim on the merits, and it would make no difference as a matter of exhaustion whether or not the state had presented the pro-

cedural question in its brief. *Cf. United States ex rel. LaSalle v. Smith,* 632 F.Supp. at 607 (state's failure to argue to the Appellate Division that direct appeal was improper procedure for bringing claim "hardly justifies excusing petitioner's obligation to exhaust the most effective procedures and remedies that were available to him under New York law.").

In any event, whether it is my analysis or that of Judge Kram which is correct in this regard, the question is irrelevant to the outcome herein because on petitioner's appeal the state did argue that his ineffective assistance claim was not reviewable on direct appeal (*see* Brief for Respondent at 5–6, 7), and the Appellate Division's summary decision which did not address the claim would be deemed acceptance of the procedural point in the procedural forfeiture context. *See Stepney v. Lopes,* 760 F.2d 40, 43–44 (2d Cir.1985); *Nelson v. Smith,* 618 F.Supp. 1186, 1196–98 (S.D.N.Y.1985).

his attorneys did not undertake a proper investigation and pursue certain pretrial strategies which would have developed a defense. As Judge Goettel found in *Sanchez v. LeFevre,* No. 86–1356 (S.D.N.Y. May 22, 1986), and Judge Korman in *LaSalle v. Smith,* 632 F.Supp. 602, since there has never been a hearing to determine what indeed was the pretrial conduct of petitioner's attorneys and the reasons therefor, it was impossible for the Appellate Division to resolve the merits of the claim on petitioner's direct appeal. As the state courts were, hence, not given "a fair opportunity to pass upon [the] claim," *Daye v. Attorney General,* 696 F.2d at 191, petitioner has failed to exhaust his state remedies.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that this petition be dismissed without prejudice to petitioner's refiling after he exhausts state remedies.[5]

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of the Court and send copies to the Honorable Peter K. Leisure, to the opposing party and to the undersigned. Failure to file objections within the specified time may waive your right to appeal from any order that will be entered by Judge Leisure. See *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983).
Dated: New York, New York
July 24, 1987

---

**5.** It should be mentioned that in the *pro se* memorandum of law petitioner submitted to this court subsequent to the respondent's submission of opposition papers, petitioner appears to attempt to raise a new claim of denial of his Sixth Amendment right to counsel based on allegations of post-arrest police questioning in the absence of counsel. *See* Memorandum of Law in Support of Petitioner's Writ of Federal Habeas Corpus, dated October 3, 1985, at 8–9. Petitioner did not raise this claim on his direct appeal and should, therefore, be cautioned that he must present both the legal and factual bases for this claim to the state courts in order to properly exhaust it for purposes of a subsequent petition for a writ of habeas corpus in this court.