■ The People of the State of New York, Respondent, v Ollie Carver, Appellant. [651 NYS2d 461] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered March 31, 1994, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent offender, to a term of 5 to 10 years, unanimously affirmed.

We reject defendant's contention that the court should have

conducted a more probing inquiry after defendant moved for assignment of new counsel. The court's inquiry was sufficient to establish that no serious conflict existed, that, contrary to defendant's assertion, counsel had spoken with him about the case and was ready and able to represent him effectively, and that the application was a delaying tactic (*see, People v Medina*, 44 NY2d 199, 208; *cf., People v Sides*, 75 NY2d 822, 825). Defendant's claim that counsel's insufficient familiarity with the facts of the case rendered him ineffective is not demonstrable on the instant record, and should have been developed in a proceeding under CPL 440.10 (*see, People v Brown*, 45 NY2d 852, 853-854). Defendant's claim that counsel undermined his misidentification defense when he referred to defendant as the perpetrator during cross-examination is without merit. After a witness identifies a defendant as a perpetrator, defense counsel is under no obligation to phrase every question on cross-examination in a manner designed to remind the jury constantly of the obvious fact that the issue of identity has not been conceded. Concur—Sullivan, J. P., Rosenberger, Kupferman, Tom and Mazzarelli, JJ.