THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND BRUN, Respondent. [928 NYS2d 639]—

Ordered that the order of the County Court, Nassau County, dated May 11, 2007, is modified, on the law and the facts, by deleting the provisions thereof granting those branches of the defendant's application which were to set aside the jury verdict convicting him of robbery in the first degree under counts 1, 2, and 3, robbery in the second degree under counts 7, 8, and 9, criminal use of a firearm in the first degree under count 10, and criminal facilitation in the fourth degree under count 12, and substituting therefor provisions denying those branches of the application; as so modified, the order dated May 11, 2007, is affirmed, counts 1, 2, 3, 7, 8, 9, 10, and 12 of the indictment and the verdicts of guilt thereon are reinstated, and the matter is remitted to the County Court, Nassau County, for the imposition of sentence on those counts.

Upon a de novo consideration of the People's appeal, and upon consideration of the arguments presented by assigned appellate counsel, we find that the County Court erred in granting those branches of the defendant's motion pursuant to CPL 290.10 which were to set aside the jury verdict convicting him of robbery in the first degree under counts 1, 2, and 3, robbery in the second degree under counts 7, 8, and 9, criminal use of a firearm in the first degree under count 10, and criminal facilitation in the fourth degree under count 12 for the reasons set forth in *People v Brun* (58 AD3d 862 [2009]). Likewise, for the reasons set forth in *People v Brun* (58 AD3d 862 [2009]), we find that the evidence was legally insufficient to establish the defendant's guilt as an accessory pursuant to count 11 of the indictment, which charged criminal use of a firearm in the first degree under Penal Law § 265.09 (1) (a).

The defendant's contention that he was denied his right to effective assistance of trial counsel is based upon matter dehors the record, and is not properly before this Court (*see People v Brown*, 45 NY2d 852, 853-854 [1978]; *People v Oliviera*, 168 AD2d 691 [1990]). Mastro, J.P., Chambers, Austin and Cohen, JJ., concur.