10-3636-pr
Daryl Graham v. Leonard Portuondo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of November, two thousand eleven.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> > Circuit Judges.

- - - - - - - - - - - - - - - - - - -x

DARRYL GRAHAM,
> Petitioner-Appellee,

-v.-                                        10-3636-pr

LEONARD PORTUONDO, SUPERINTENDENT,
SHAWANGUNK CORRECTIONAL FACILITY,
> Respondent-Appellant.

- - - - - - - - - - - - - - - - - - -x

FOR PETITIONER-APPELLEE:     ANDREA GAIL HIRSCH, Andrea G. Hirsch, P.C., New York, New York.


FOR RESPONDENT-APPELLANT:    AMY APPELBAUM, Assistant District Attorney (Leonard Joblove, Assistant District Attorney, on the brief), for Charles J. Hynes, District Attorney, Kings County, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, J.). **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** to the district court.

Respondent-appellant Leonard Portuondo (the "State") appeals from the district court's judgment entered August 24, 2010, granting petitioner-appellee Darryl Graham's petition for a writ of habeas corpus. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's grant of a writ of habeas corpus de novo. Drake v. Portuondo, 553 F.3d 230, 239 (2d Cir. 2009). Under 28 U.S.C. § 2254, a habeas petition "shall not be granted . . . unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

A petitioner must exhaust all available remedies in the courts of the State. Id. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c).

-2-

Moreover, the Supreme Court recently held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." <u>Cullen v. Pinholster</u>, -- U.S. --, 131 S. Ct. 1388, 1398 (2011). Here, § 2254(d)(1) applies to Graham's claim of ineffective assistance of counsel.

After having independently reviewed the record in light of these principles, and having the benefit of <u>Pinholster</u>, which was decided after the district court ruled below, we conclude that Graham did not sufficiently exhaust all available remedies in the state courts of New York. Accordingly, we vacate the district court's judgment so that Graham can pursue all avenues of relief in state court before seeking further relief before a habeas court.

Although Graham perhaps did all that he could to exhaust his remedies in the prior state court proceedings, the fact is that with the assistance of his able counsel, Graham has now acquired additional psychiatric and medical records and been evaluated by an expert psychiatrist who testified on his behalf. Both the records and the psychiatrist's testimony presented at the thorough hearing conducted by the district court yielded significant, new evidence not previously presented to the state court.

In addition, Graham may raise his claim of ineffective assistance of counsel and present such evidence through a motion to vacate judgment under New York Criminal Procedure Law

§ 440.10.  See N.Y. Crim. Proc. § 440.10 (McKinney 2010); People v. Gravino, 14 N.Y.3d 546, 558 (2010) (A "claim of ineffective assistance of counsel brings up matters not apparent from the face of the record, which are therefore properly fleshed out by affidavit in support of a CPL 440.10 motion rather than raised on direct appeal.").  Graham now has new evidence that the Appellate Division never previously considered, making a § 440.10 proceeding appropriate in this case.  See People v. Brown 45 N.Y.2d 852, 853-54 (1978) ("[I]n the typical [ineffectiveness of counsel] case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10." (internal citation omitted)).  Indeed, the State conceded at oral argument before this Court that "in the 440 context, [Graham]'s not procedurally barred" and that it would not oppose such a motion on procedural grounds if Graham were to file the motion.[1]

In light of the new evidence obtained by Graham, the availability of a § 440.10 motion, and the State's concessions regarding the lack of any procedural bar, we conclude that the appropriate course is to defer habeas review until Graham has exhausted his claim in the state courts of New York.

---

[1]    It is worth noting that the State further conceded the "competence prong" of Graham's ineffective assistance claim and contests only the prejudice element of the claim.

-4-

Accordingly, the judgment of the district court is hereby **VACATED**, and the case is **REMANDED** to the district court with instructions to hold the petition in abeyance so that Graham can exhaust his claim in state court by filing a motion under CPL § 440.10.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK