(April 15, 2014)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN MEDINA-GONZALEZ, Appellant. [983 NYS2d 554]—

Judgment, Supreme Court, Bronx County (Analisa Torres, J.), rendered June 29, 2009, as amended July 17, 2009, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the second and third degrees, criminally using drug paraphernalia in the second degree and unlawful possession of marijuana, and sentencing him to an aggregate term of six years, with five years' postrelease supervision, affirmed.

Defendant contends he was deprived of effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]) when his attorney did not move during trial to reopen a suppression hearing based on new evidence, belatedly disclosed by the prosecution, that the attorney used in an effort to discredit the arresting officer's testimony at trial. The new evidence consisted of photographs of the car defendant was driving when stopped by the police; the photographs arguably contradicted the police testimony that the windows were highly tinted in violation of the Vehicle and Traffic Law. Instead, counsel did not raise the issue until he moved to set aside the verdict pursuant to CPL 330.30 (1).

In its decision denying defendant's motion to set aside the verdict, the trial court stated that the photos "contradict the officer's description of both vehicles, and cast serious doubt on his credibility." It further indicated that "[t]he potential impeachment value of the photographs [was] obvious and the prosecution erred in not disclosing them beforehand." Nevertheless, the court denied the motion because the issue should have been raised by a motion during trial to reopen the suppression hearing. The court indicated that had counsel so moved, it "would have granted the application and re[ ]opened the hearing." Al-

though there had not yet been any record made as to why counsel failed to do so, the court concluded that "[d]efendant waived his right to a hearing on these issues, when he made the strategic decision not to move to re[ ]open the hearing or seek any other remedy at the time he found out about the pictures." The court's characterization of defense counsel's failure to ask the court to reopen the suppression hearing as a "strategic decision" was not based on anything appearing in the then-existing record. Indeed, it is unclear how the court could conclude at that juncture that this oversight was a conscious decision at all, let alone strategic. It was only when the case came on for sentencing, after the court's decision finding that the issue had been strategically waived, that counsel stated, for the first time, "there was a strategy in not" moving to reopen the hearing because he was concerned he would "lose that jury" and the witness "was on the ropes" and therefore the jury would acquit defendant.

The issue of effective assistance of counsel is generally not reviewable on direct appeal, because it involves facts dehors the record, such as trial counsel's strategy (*People v Reyes,* 84 AD3d 426 [1st Dept 2011], *lv denied* 18 NY3d 927 [2012]). Accordingly, a defendant who seeks to bring an ineffective assistance of counsel claim usually must first expand the record by way of a CPL 440.10 motion before this Court can consider it (*People v Cosby,* 271 AD2d 353, 354 [1st Dept 2000], *lv denied* 95 NY2d 904 [2000]). However, there are rare instances where the full record is sufficient to resolve the issue of counsel's effectiveness without a 440.10 motion (*see e.g. People v Brown,* 45 NY2d 852 [1978]). This is not one of those rare cases.

In *Brown,* the Court of Appeals held that on that case's record it was "beyond cavil" that defense counsel was ineffective "throughout the prosecution" (45 NY2d at 853). However, it went on to state, "in the typical case it would be better, and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10" (*id.* at 853-854).

Here, the record is ambiguous and it is not "beyond cavil" that counsel was ineffective or effective. The extant record potentially supports a finding that counsel fundamentally misunderstood the necessity of making the motion to reopen the suppression hearing during trial, rather than waiting for a motion to set aside the verdict, in the event of a conviction. Defense counsel's remarks at sentencing, seemingly prompted by the court's denial of the motion to set aside the verdict, were a

belated attempt to explain counsel's failure to move to reopen the hearing. Whether defense counsel was effective or not necessarily requires an evaluation of the credibility and logic of the proffered explanation, that defense counsel was afraid he would "lose that jury" and that he believed the witness "was on the ropes." Although defense counsel may have genuinely been hopeful that the jury would acquit his client, this explanation cannot be accepted at face value. After all, as the trial court's decision indicates, had defense counsel timely moved to reopen the suppression hearing, the application would have been granted, and the court could have quickly ruled upon it while giving the jury a short recess. The "witness" referred to was the arresting officer, and was available. On the other hand, there may have been legitimate concerns about the jury undeveloped on this record. In short, we cannot decide on the extant record whether defense counsel's failure to move to re-open the hearing was truly "strategic."

Given that the existing record does not permit meaningful review of defense counsel's representation, we are compelled to affirm the conviction without prejudice to further proceedings in the trial court pursuant to CPL 440.10. Concur—Sweeny, Manzanet-Daniels, Feinman and Clark, JJ.

Tom, J.P., concurs in part in a memorandum as follows: I respectfully disagree with the majority and conclude that the record clearly shows that defendant was not deprived of the effective assistance of counsel as a result of his trial counsel's strategic decision not to move to reopen the suppression hearing. Therefore, contrary to the majority's position, the affirmance of the judgment of conviction should be with prejudice.

Police Officer Angel Rivera testified that on August 24, 2007, at approximately 1:50 p.m., while on patrol in a marked police vehicle, he pulled over a Honda Accord in the Bronx because the vehicle had "highly tinted windows." The driver, defendant, lowered his window and Rivera detected the odor of marijuana coming from the Accord and saw what appeared to be a beer can in the front cup holder. Rivera also saw that defendant had watery, bloodshot eyes and smelled of alcohol. Defendant stated that he had been drinking, and Rivera ordered him out of the vehicle. Defendant got out, swayed a bit, and regained his balance by holding onto the driver's side door.

Rivera then arrested defendant and placed him in the rear of the patrol car. On the way to the precinct, Rivera noticed defendant moving around in the back seat. When they arrived at the precinct, Rivera observed a clear plastic bag of white powder on the floor of the vehicle, near defendant's feet. Rivera stated

that he had searched his vehicle that morning, and that there was nothing in the vehicle at that time. In an inventory search of the Accord, Rivera recovered the can of beer, three plastic bags of marijuana and a "sports bottle" of liquor. Rivera also found a brown bag containing small ziplock bags and a small notebook containing "names and dollar amounts."

Defendant was subsequently charged with criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal use of drug paraphernalia in the second degree, operating a motor vehicle while under the influence of alcohol/drugs, and unlawful possession of marijuana.

The court denied defendant's motion to suppress, finding that Rivera, "[d]uring training," had learned that if "he cannot see the driver" of a vehicle, the "windows are excessively tinted," and therefore illegal. Accordingly, the court concluded the stop was lawful, because the tint gave the officer probable cause to believe the windows represented an infraction. The court also found that Rivera's observations after stopping the vehicle, including the smell of marijuana, the odor of alcohol, defendant's bloodshot eyes and unsteady gait, gave him probable cause to arrest defendant, making the search of the car lawful.

At trial, Rivera offered testimony that was very similar to the testimony he provided at the suppression hearing. During Rivera's cross-examination, defense counsel entered a series of photographs into evidence. Rivera identified the photographs as being of the car defendant was driving at the time of his arrest. Rivera acknowledged that the photographs showed that the driver's side front seat could be seen clearly through the driver's side front window, placing his credibility in issue. Contrary to the photographic evidence, Rivera continued to state that there was excessive tint on the vehicle's window.

The jury convicted defendant of all counts charged, except for driving while his ability was impaired.

By notice of motion pursuant to CPL 330.30 (1), defendant sought to set aside the verdict. Defendant argued that prior to the suppression hearing, the People had failed to provide him with any of the photographs of the Accord and maintained that the photographs contradicted Rivera's testimony, in that the front seats were clearly visible through the windows. Defendant argued that the withholding of the photographic evidence was clearly a *Brady* violation. Defendant asserted that if the stop was based solely on the tint and not another violation, the invalidity of the tint stop would render the resulting arrest and discovery of the contraband subject to suppression as "fruit of the poisonous tree."

The trial court denied defendant's motion, but noted that the photos of the Accord taken from the side of the vehicle "[c]learly depicted . . . the entire driver's seat, the console, and a portion of the front passenger seat." The court stated that "[n]ot only are the contours of the undulating seat cushion well defined, but minute details, such as tiny wrinkles in the upholstery, are plainly visible." The court concluded that the photos "contradict[ed] the officer's description of both vehicles and cast serious doubt on his credibility." The court stated that "[t]he potential impeachment value of the photographs" was "obvious" and that the "prosecution erred in not disclosing them beforehand." Notwithstanding this finding, the court denied the CPL 330.30 (1) motion on the ground that the issue should have been raised by a motion to reopen the hearing. The court stated that had defendant chosen "that path," it "would have granted the application and re-opened the hearing." The court stated that instead, "defendant decided to introduce the photos at trial for consideration by the jury" and that "[d]efendant waived his right to a hearing on these issues when he made the strategic decision not to move to re-open the hearing or seek any other remedy at the time he found out about the pictures."

The sole contention advanced by defendant on this appeal is that he was deprived of effective assistance of counsel due to his attorney's failure to interpose a motion to reopen the suppression hearing (CPL 710.40 [4]) when confronted with photographic evidence undisclosed by the People until trial. Instead, counsel made a motion to set aside the verdict (CPL 330.30), which the court denied on the ground that, in failing to pursue a trial remedy, defendant waived his right to a hearing on the issue (citing *People v Brown*, 67 NY2d 555, 559 [1986], *cert denied* 479 US 1093 [1987]).

On the record before us, defendant was not deprived of effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]), and the strategy pursued by counsel was within "the wide range of professionally competent assistance" (*Strickland*, 466 US at 690). Furthermore, in proving counsel to be ineffective, the defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709 [1988]).

It is apparent that the circumstance about which defendant complains on appeal is a matter of trial strategy (*see People v Brown*, 28 NY2d 282, 287 [1971]), not a product of counsel's incompetence. The sentencing minutes support counsel's state-

ment that in denying the CPL 330.30 motion, the trial court had correctly noted that "there was a strategy in not raising it during the trial." Significantly, at defendant's sentencing, defense counsel remarked on the record that "with respect to the . . . 330.30 motion which was made subsequent to the verdict in this case, as your Honor noted, there was a strategy in not raising it during the trial" and that counsel was "afraid that" he would "lose th[e] jury" (i.e., need a new panel), and that "frankly" the witness "was on the ropes" and he thought the jury "would not believe him."

Indeed, defense counsel's strategy for discrediting Rivera was on display throughout the trial. First, in defense counsel's opening statement, he said that there were "a number of versions" of what occurred that day offered by Rivera: "[w]hat he said in his initial paperwork, what he says later on, and . . . what he now says at trial." Counsel told the jury that it would see photographs of the vehicle representing what the Honda "actually looked like" at the time of the incident. Counsel proceeded to then attempt to convince the jury, during his cross-examination of Rivera, that the officer's testimony was at odds with the appearance of the vehicle in the photographs. He also confronted Rivera with the inconsistencies in his testimony and paperwork. On summation, counsel launched a concerted attack on the officer's credibility by arguing that the photographs disclosed no more tint on the windows of defendant's vehicle than on the windows of the officer's patrol car. Counsel asserted that the reason the officer gave for stopping the vehicle was "a total fabrication on his part," that the officer's account was not "accurate" and "not . . . truthful," and that "we know now that the windows are not tinted." Thus, even in the absence of counsel's explanation for not moving to reopen the suppression hearing, the record is more than adequate to demonstrate "the existence of a trial strategy that might well have been pursued by a reasonably competent attorney" without any need to conduct a separate hearing into counsel's claimed ineffectiveness as urged by the majority (*People v Satterfield*, 66 NY2d 796, 799 [1985]).

Counsel, in not objecting to the late submission of the photographs at trial, took his chances with the jury, and was unsuccessful. That this strategy was unsuccessful does not demonstrate that defendant received ineffective assistance of counsel. Thus, "[i]t is not" for a court "to second-guess whether a course chosen by defendant's counsel was the best trial strategy, or even a good one, so long as defendant was afforded meaningful representation" (*Satterfield*, 66 NY2d at 799-800).

Here, defense counsel's strategy to zealously cross-examine Rivera and his efforts to discredit the officer at every point in the trial demonstrate that defendant was afforded meaningful representation.

Furthermore, defendant has not established a reasonable probability that a reopened hearing would have actually led to suppression of the evidence. No testimony was received concerning the circumstances under which the photographs were taken, particularly the effect of lighting conditions, and readings taken by the arresting officer with a tint meter indicated that the windows did not provide the requisite 70% light transmissivity.

Accordingly, the judgment of conviction should be affirmed with prejudice.