**Nelson Lugo CASTILLO, Petitioner,**

v.

**James E. SULLIVAN, Superintendent of Sing Sing Correctional Facility, Respondent.**

No. 86 Civ. 6319 (WCC).

United States District Court, S.D. New York.

Oct. 6, 1989.

Jerry L. Tritz, New York City, for petitioner.

Robert T. Johnson, Dist. Atty., Bronx County, Bronx, N.Y., for respondent; Stanley R. Kaplan and Aimee L. Bernstein, Asst. Dist. Attys., of counsel.

OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

Nelson Lugo Castillo, who is currently incarcerated at the Sing Sing Correctional Facility, has petitioned this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (1982). For the reasons outlined below, his petition is dismissed.

BACKGROUND

On June 3, 1981, petitioner was convicted of Manslaughter in the First Degree (two counts) after a jury trial in the Supreme Court of the State of New York, Bronx County (Schlesinger, J.). Petitioner was sentenced, as a second felony offender, to two concurrent, indeterminate terms of imprisonment with a minimum term of ten years and a maximum of twenty years. On November 1, 1984, petitioner's judgment of conviction was unanimously affirmed, without opinion, by the Appellate Division, First Department. On December 12, 1984, petitioner's application for leave to appeal to the Court of Appeals was denied (Wachtler, J.). The Appellate Division, First Department, denied petitioner's motion for reargument. Petitioner's motion pursuant to Criminal Procedure Law § 440.10 to the Supreme Court of the State of New York, Bronx County, was denied and the Appellate Division, First Department, denied petitioner leave to appeal to that court (Murphy, J.).

Petitioner has now asked this Court for a writ of habeas corpus, claiming that he was denied effective assistance of counsel. Petitioner argues that counsel failed to pursue the defense of intoxication which, if successful, would negate the requisite intent for the offense of Manslaughter in the First Degree and reduce the conviction to Manslaughter in the Second Degree. Respondent maintains that petitioner's request should be denied for two reasons. First, respondent claims that petitioner has failed to exhaust his state remedies for the relief sought in the petition. Second, respondent asserts that petitioner's claim lacks merit.

## DISCUSSION

In support of his claim that he was denied effective assistance of counsel, petitioner contends that his trial counsel failed to investigate, develop and argue the defense of intoxication. In particular, petitioner claims that counsel (1) failed to present the videotaped confession to the jury instead of merely reading it into the record; (2) failed to call two witnesses to testify that petitioner was intoxicated prior to the shootings; (3) failed to elicit testimony from petitioner himself as to his defense; and (4) failed to present evidence, through the defense expert witness, Dr. Hakki, that petitioner's behavior was reckless and unintentional.

Although, as I discuss below, petitioner has in the past advanced ineffective assistance of counsel before the state courts, he has never presented two of the four factual bases for his present ineffective assistance claim to those courts. Accordingly, I cannot conclude that petitioner has exhausted his state remedies with respect to that claim.

A state prisoner seeking federal habeas corpus review of his state conviction must first exhaust available state remedies. 28 U.S.C. § 2254(b), (c) (1982); *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Twitty v. Smith*, 614 F.2d 325, 331 (2d Cir.1979). This requirement is rooted in considerations of federal-state comity, and seeks to allow states the

opportunity to correct constitutional errors prior to federal intervention. In order for a federal court to entertain a petition for the writ, all claims contained in the petition must be "fairly presented" to the state courts. *Picard*, 404 U.S. at 275, 92 S.Ct. at 512. So-called "mixed" petitions—those raising both exhausted and unexhausted claims—must be dismissed in their entirety under the "total exhaustion" rule of *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Our court of appeals has held that "[i]n order to have fairly presented [a] federal claim to the state courts [a] petitioner must have ... set forth in state court all of the essential factual allegations asserted in his federal petition; if material factual allegations were omitted, the state court has not had a fair opportunity to rule on the claim." *Daye v. Attorney General* (Daye II), 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); *see also Picard*, 404 U.S. at 276, 92 S.Ct. at 512 ("[A] state prisoner must ... present the state courts with *the same claim* he urges upon the federal courts.") (emphasis added). This requirement that a defendant particularize the factual basis underlying his federal claim certainly applies to claims of ineffective assistance of counsel. Indeed, while establishing the standard for review of ineffective assistance claims, the Supreme Court observed that a defendant raising "a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984).

A careful review of petitioner's § 440.10 petition, the only instance in which petitioner asserted his ineffective assistance claim, establishes that he has never presented two of the four factual bases for his present ineffective assistance claim to the state courts. In both petitions, petitioner points to counsel's failure to call two witnesses to testify as to petitioner's intoxicated condition prior to the commission of the

crime. Petitioner also alleges in both petitions that counsel failed to present a videotaped confession to the jury to reveal his intoxication and show lack of intent as well as to defeat the government's claim of voluntary and knowing waiver of his *Miranda* rights.

However, the current petition alleges additional deficiencies on counsel's part, specifically that counsel failed to elicit testimony from petitioner as to his defense and that he failed to present evidence, through the defense expert witness, Dr. Hakki, that petitioner's behavior was reckless and unintentional.

The state court judge considering the ineffective assistance claim asserted in the § 440.10 petition could not have been expected to infer that petitioner was objecting to the two new inadequacies of counsel he raises in his current petition and had no reason to scour the entire trial transcript, comprising of almost five hundred pages, in search of other potentially unprofessional conduct. The Memorandum Decision denying petitioner's motion clearly addresses only the particular acts complained of. Accordingly, I conclude that petitioner has not afforded the state courts a fair opportunity to consider his present ineffective assistance claim.

The Court is aware that the state courts may not consider petitioner's claim at this point because it was not raised in his prior state habeas corpus petition, *see* N.Y.Crim. Proc.Law § 440.10(3)(c) (McKinney 1983).[1] However, our court of appeals has held that even where there is uncertainty as to the availability of relief in the New York courts, we should nonetheless give them the first chance to review their alleged errors so long as they have not definitively ruled that no further relief is available. *See Wilson v. Fogg*, 571 F.2d 91, 95 (2d Cir.1978); *United States ex rel. Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir.1964);

*cf. Brown v. Wilmot*, 572 F.2d 404, 406 (2d Cir.1978) (per curiam) (It is inappropriate "to guess what constitutional issues New York courts will or will not entertain in a habeas proceeding."). "Whether New York entertains collateral relief at this point is a matter of New York law to be decided by New York courts and not by federal court predictions of what stances those courts will take." *Wilson*, 571 F.2d at 95 (citing *Cameron v. Fastoff*, 543 F.2d 971, 977–78 (2d Cir.1976)).

### CONCLUSION

For the reasons discussed above, I conclude that petitioner has not exhausted his state remedies with respect to his ineffective assistance claim. His petition is therefore a "mixed" one, and must be dismissed. The petition is dismissed without prejudice to petitioner's right to file a new petition when all factual bases for his claim have been exhausted or to refile this petition without the unexhausted factual bases.

SO ORDERED.

---

1. N.Y.Crim.Proc.Law § 440.10(3)(c) states,

"the court may deny a motion to vacate judgment when: upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so....

"Although the court may deny the motion, ... in the interest of justice and for good cause shown it may in its discretion grant the motion if it is otherwise meritorious and vacate the judgment."