Carlos MERCADO, Jr., Petitioner,

v.

Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility; Robert Abrams, Attorney General, State of New York; Denis Dillon, District Attorney, County of Nassau, Respondents.

No. 89 CV 0937.

United States District Court, E.D. New York.

April 27, 1990.

Carlos Mercado, Jr., pro se.

Matthew D. Sansverie (Denis Dillon, Dist. Atty., Nassau County, Mineola, N.Y.), for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, proceeding *pro se,* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is denied.

## FACTS

Petitioner, charged with two counts of burglary in the third degree and one count of burglary in the second degree, was convicted on all three charges following a jury trial in the County Court of Nassau. On March 9, 1983, the sentencing court classified petitioner as a second felony offender, and sentenced him to concurrent terms of three-and-one-half to seven years imprisonment on the third degree burglary counts and seven-and-one-half to fifteen years imprisonment on the second degree burglary count.

Petitioner later pled guilty under a separate indictment to attempted burglary in the second degree and on May 31, 1983, was sentenced to serve a two to four year term of imprisonment, running concurrently with the sentences imposed earlier.

On direct appeal of both the conviction and his plea, petitioner challenged (1) the lawfulness of his arrest; (2) the trial court's ruling that if petitioner testified, evidence of certain prior crimes would be admissible to impeach his testimony; (3) the sufficiency of evidence adduced at trial; and (4) ineffective assistance of counsel. The Appellate Division unanimously affirmed both the jury's verdict and the guilty plea. Petitioner did not seek leave to appeal to the New York Court of Appeals.

On April 26, 1988, petitioner filed a writ of error *coram nobis* in the Appellate Division, alleging ineffective assistance of appellate counsel. The Second Department denied the writ and on August 18, 1988, the New York Court of Appeals dismissed the subsequent appeal on that denial.

## DISCUSSION

Petitioner never sought timely leave to appeal to the New York Court of Appeals. The state previously argued that petitioner's failure to seek leave to the New York Court of Appeals, for whatever reason, constituted a failure to exhaust state remedies, thereby warranting dismissal of petitioner's claim for federal habeas corpus relief. In an Order dated June 30, 1989, this Court pointed out that under *Fay v.*

*Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), petitioner's procedural default would not preclude the Court from reaching the merits of his claim unless the petitioner had "deliberately by-passed the orderly procedure of the state courts," *id.* at 438, 83 S.Ct. at 849, by a personal waiver of the claim amounting to " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Id.* at 439, 83 S.Ct. at 849 (quoting *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)).

At that juncture, the Court deemed itself ill-equipped to determine whether the *Noia* standard had been met, and directed respondents to submit additional papers on the issue. After a careful review of all submitted memoranda, the Court is now convinced that there was no deliberate by-pass of orderly state court procedure. Consequently, *Noia* in no way precludes this Court from addressing the merits of petitioner's claim.

A review of the record, however, discloses that petitioner has not fully exhausted his ineffective assistance of counsel claim in the state courts. Despite petitioner's request during trial, defense counsel failed to produce a fingerprint expert to refute expert evidence submitted by the prosecution. Apparently, testimony by the state's expert provided the linchpin for conviction. The Appellate Division never had a fair opportunity to address this critical facet of the ineffective assistance of counsel claim solely by reviewing the trial record.

Clearly, "it would be better and in some cases essential, that an appellate attack on the effectiveness of counsel be bottomed on an evidentiary exploration by collateral or post-conviction proceeding brought under CPL 440.10." *People v. Brown,* 45 N.Y.2d 852, 410 N.Y.S.2d 287, 382 N.E.2d 1149 (1978). It does not matter that the ineffective assistance of counsel issue had been raised, though in a seemingly cursory fashion, on direct appeal because " 'the mere presentation' of the ineffective assistance of counsel issue on direct appeal '[does] not create a fair opportunity for decision, and consequently [does] not authorize petitioner to proceed to federal court without seeking a state post-conviction remedy.' " *United States ex rel. La Salle v. Smith,* 632 F.Supp. 602, 606 (E.D.N.Y.1986) (Korman, J.) (citing *Kellotat v. Cupp,* 719 F.2d 1027, 1031 (9th Cir.1983)). Petitioner, by failing to seek an evidentiary hearing, made it impossible for the New York Appellate Division to resolve this claim because his argument was dependent on facts outside the record. *Id.* at 607. *See Walker v. Dalsheim,* 669 F.Supp. 68 (S.D.N.Y. 1987).

Because petitioner may still move pursuant to N.Y.Civ.Prac.L. & R. 440.10, he has failed to exhaust available state remedies.

### CONCLUSION

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby denied, without prejudice to renew upon the exhaustion of all available state remedies.

SO ORDERED.