**Thornwell RICHBURG, Petitioner,**

v.

**David L. HOOD, Superintendent, Otisville Correctional Facility, Respondent.**

**No. CV–91–4003.**

United States District Court, E.D. New York.

July 7, 1992.

---

Thornwell Richburg, pro se.

Ann Bordley, Asst. Dist. Atty., Brooklyn, N.Y., for respondent.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

On March 4, 1982, the petitioner, Thornwell Richburg, was convicted after a trial by jury in New York State Supreme Court, Kings County, of two counts of attempted murder in the first degree, one count of assault in the first degree, one count of assault in the second degree, one count of criminal possession of a weapon in the second degree, and one count of criminal possession of a weapon in the fourth degree. The trial court sentenced the petitioner to concurrent terms of imprisonment of fifteen years to life on the attempted murder convictions, four to twelve years on the first-degree assault conviction, two to six years each on the convictions of second-degree assault and of second-degree criminal possession of a weapon, and one year on the conviction of fourth-degree criminal possession of a weapon.

On appeal, counsel for the petitioner (who had not represented the petitioner at trial) argued that the trial court had given an "erroneous and deficient" instruction to the jury on the petitioner's defense of justification. At the conclusion of the brief submitted on behalf of the petitioner, appellate counsel noted that trial counsel had not taken exception to "most of the ... errors" in the justification charge. Appellate Brief at 34. However, appellate counsel—with citation to relevant New York authorities—urged the court to use "its discretionary jurisdiction to reverse in the interest of justice." *Id.* The Appellate Division, Second Department, affirmed the petitioner's conviction on the grounds that: (1) the failure of trial counsel to take exception to the justification charge rendered the issue "not properly reserved for review"; and (2) "the charge ... adequately conveyed the appropriate law to the jury and did not deprive the defendant of a fair trial." *People v. Richburg*, 109 A.D.2d 899, 900, 487 N.Y.S.2d 94 (2d Dept.1985). The New York State Court of Appeals denied the application of the petitioner for leave to appeal. *People v. Richburg*, 65 N.Y.2d 699, 491 N.Y.S.2d 1040, 481 N.E.2d 268 (1985).

On June 5, 1989, the petitioner sought from the New York State Supreme Court, Appellate Division, Second Department, a writ of error coram nobis on the ground of ineffective assistance of appellate counsel. The petitioner argued that: (1) his appellate counsel had raised an issue that was not preserved by trial counsel; (2) appellate counsel had failed to raise a claim of ineffective assistance of trial counsel; and (3) appellate counsel had failed to argue that the petitioner's guilt had not been proven beyond a reasonable doubt. On April 11, 1990, the Appellate Division denied the application of the petitioner. The New York State Court of Appeals dismissed the petitioner's application for leave to appeal the order of the Appellate Division. *People v. Richburg*, 76 N.Y.2d 741, 558 N.Y.S.2d 903, 557 N.E.2d 1199 (1990).

The petitioner has applied to this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He predicates his application on the same three-part claim of ineffective assistance of appellate counsel that he raised in his application for a writ of error coram nobis. That is, he argues here that: (1) his appellate counsel raised an unpreserved issue on appeal; (2) his appellate counsel failed to raise on appeal a claim of ineffective assistance of trial counsel; and (3) his appellate counsel failed to raise a claim that his guilt had not been proven beyond a reasonable doubt. For the reasons set forth below, his petition is denied in its entirety.

■  A criminal defendant has a right to the effective assistance of counsel on a first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985). When a defendant challenges the adequacy of representation by such appellate counsel, a court must review his claim under the standards for review of the performance of trial counsel. *Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir.1990). That is, to prevail on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate that his attorney's "representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 2064–65, 2068, 80 L.Ed.2d 674 (1984). Furthermore, a petitioner who predicates his challenge to the effectiveness of his representation on strategic choices made by that attorney undertakes a particularly formidable task:

> The court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.' ... Most important, the attorney's 'strategic choices made after thorough investigation of law and facts relevant to plausible options are *virtually unchallengeable;*

and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'

*United States v. Aguirre,* 912 F.2d 555, 560 (2d Cir.1990) (quoting *Strickland,* 466 U.S. at 680, 690–91, 104 S.Ct. at 2060–61, 2066–67 (emphasis added)).

■ In this case, it is readily apparent that all three aspects of the petitioner's claim of ineffective assistance of appellate counsel are without merit. First, the petitioner argues that his attorney was incompetent insofar as she raised on appeal an issue that had not been preserved for review by trial counsel. The petitioner argues not that his attorney erred in failing "to raise a specific issue," but that "counsel lacked the basic skills to properly present the issue on direct appeal." Memorandum of Petitioner at 15. However, the appellate brief submitted by the petitioner's attorney on appeal demonstrates manifest awareness that the issue raised had not been preserved by trial counsel; indeed, appellate counsel, with reference to appropriate New York case law, requested that the appellate court "use its discretionary jurisdiction to reverse in the interest of justice" notwithstanding that the issue had not been preserved. As such, the petitioner's characterization of his appellate attorney as lacking the "basic skills to properly present the issue on direct appeal" is entirely misguided. This court cannot conclude that the decision by appellate counsel to raise an unpreserved issue on appeal and to address this issue to the "interest-of-justice" jurisdiction of the appellate court constituted "representation ... below an objective standard of reasonableness." Further, even if the decision of appellate counsel to raise an unpreserved issue were an unprofessional error, the petitioner has not even endeavored to establish that the result of his appeal "would have been different" had appellate counsel not raised that claim.

■ The petitioner next argues that his appellate counsel committed error in that she failed to raise a claim of ineffec-tive assistance of trial counsel (a claim that the petitioner himself asked her to raise). The petitioner argues that his attorney on appeal should have argued that his trial counsel committed an unprofessional error when he "did not lodge a protest to the [jury] charge" on the defense of justification. Memorandum of Petitioner at 16. But even on the assumption that the failure of appellate counsel to raise a claim of ineffective assistance of trial counsel was an error, the petitioner would be unable to establish that the result of his appeal would have been different if his appellate attorney had raised the matter. That is, in order to show that the result of his appeal would have been affected by such a claim, the petitioner would have to demonstrate that the appellate court would have found that the performance of trial counsel failed the two-part *Strickland* test. But in order to establish that, the petitioner would have to establish that the result of his trial would have been different if his trial counsel had objected to the justification charge. The opinion of the appellate court, however, upheld the adequacy of the justification charge; accordingly, any claim on appeal that the petitioner's trial counsel did not provide the effective assistance of counsel by failing to object to the justification charge would have fallen short of the second part of the *Strickland* test. In other words, the opinion of the Appellate Division that the jury charge on justification was adequate establishes that any ineffective assistance of trial counsel claim on appeal would have failed; it follows necessarily that any claim of ineffective assistance of appellate counsel for failure to raise such a claim of ineffective assistance of trial counsel must also fail. For this reason, the petitioner's chain of ineffective assistance claims must be rejected.

■ Finally, the petitioner argues that his appellate counsel provided ineffective assistance of counsel in that she did not raise a claim that his guilt had not been proven beyond a reasonable doubt. On this part of the petitioner's argument, the court simply notes that the decision of appellate counsel to choose among plausible options

of appellate issues is preeminently a strategic choice and is "virtually unchallengeable." The petitioner has not even undertaken to demonstrate that the decision of his attorney not to raise this issue constituted an "unprofessional error" or that such error prejudiced his appeal.

For the reasons set forth above, the application of the petitioner for a writ of habeas corpus is denied.

SO ORDERED.