■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY PACHAY, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Queens County (Chetta, J.), dated June 25, 1990, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court, rendered January 6, 1983, convicting him of attempted murder in the first degree, robbery in the first degree, attempted murder in the second degree, aggravated assault upon a police officer, and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the order is affirmed.

The defendant contends that he was denied the effective assistance of counsel when his attorney represented both him and a codefendant during the pretrial phase of this action. However, since any possible conflict of interest was apparent in the record, this issue could have been raised upon the defendant's direct appeal from the judgment of conviction *(see,* CPL 440.10 [2] [c]; *People v Skinner,* 154 AD2d 216). Therefore, the Supreme Court's denial of the defendant's motion predicated upon this ground was proper.

The defendant next argues that his trial counsel made certain misrepresentations to him in order to induce him to change his previously entered plea of not guilty to guilty. Specifically, the defendant alleges that trial counsel told him that his fingerprints were found on a gun recovered at the crime scene, which fact was belied by the ballistics reports, and advised him that he would receive a sentence of 75 years to life if he were convicted at trial. However, these allegations of misconduct are "made solely by the defendant" and are "unsupported by any other affidavit or evidence" (CPL 440.30 [4] [d]; *see also, People v Britt,* 148 AD2d 911), and a review of the record supports our conclusion that such allegations are unlikely to be true. Moreover, the defendant testified at his plea allocution that he was voluntarily changing his plea, which testimony clearly contradicts his allegations of coercion.

Finally, the defendant seeks to vacate his judgment of conviction on the ground that his appellate counsel failed to raise the issue of a conflict of interest which may have existed

during the pretrial proceedings. Since a "common-law coram nobis proceeding brought in the proper appellate court is the only available and appropriate procedure and forum to review a claim of ineffective assistance of appellate counsel" *(People v Bachert,* 69 NY2d 593, 596), we decline to address the defendant's contention upon an appeal from the denial of his CPL 440.10 motion. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.