■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ, Appellant. [594 NYS2d 791] —Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Pincus, J.), dated June 3, 1991, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court, rendered December 3, 1984, convicting him of murder in the second degree, manslaughter in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his motion to vacate his conviction on the ground that he was denied the effective assistance of counsel. The record reveals that the defendant's trial attorney pro- vided the defendant with meaningful representation by em-

ploying a mistaken identification strategy, which focused upon the three eyewitnesses' ability and opportunity to observe the defendant during the commission of the crime (see, People v Satterfield, 66 NY2d 796; People v Baldi, 54 NY2d 137). Although afforded an evidentiary hearing, the defendant failed to establish the absence of any legitimate or strategic reason for trial counsel's failure to call an individual who allegedly saw two masked men enter the grocery store. Moreover, since the three eyewitnesses unequivocally testified that they had an opportunity to observe the defendant's face during the attempted robbery, and that the defendant was not wearing a mask, the mistaken identification strategy utilized by trial counsel would not have been furthered by the introduction of evidence designed to attack the witnesses' credibility rather than their opportunity to view the perpetrators and the accuracy of their identifications.

Finally, we note that to the extent that the defendant's motion was based on a claim previously advanced on direct appeal, or upon facts appearing in the record which could have been raised on direct appeal, it was properly denied pursuant to CPL 440.10 (2) (see, People v Cooks, 67 NY2d 100; People v Rossney, 186 AD2d 926; People v Pachay, 185 AD2d 287; People v Skinner, 154 AD2d 216). Mangano, P. J., Bracken, Eiber and Pizzuto, JJ., concur.