Humberto GARCIA, Plaintiff,

v.

Charles SCULLY, Superintendent Green Haven Correctional Facility, Defendant.

No. 92 Civ. 2081 (JGK).

United States District Court, S.D. New York.

Nov. 8, 1995.

Humberto Garcia, Moravia, New York, pro se.

Monica R. Jacobson, Assistant Attorney General, State of New York Dept. of Law, New York City, for defendant.

## ORDER

KOELTL, District Judge:

The Court has received and reviewed the attached Report and Recommendation of Magistrate Judge Sharon E. Grubin dated

August 18, 1995 that recommends that this petition for habeas corpus should be dismissed without prejudice because the petitioner failed to exhaust state court remedies with respect to one claim—ineffective assistance of appellate counsel. Because this petition contains both exhausted and unexhausted claims, Magistrate Judge Grubin recommends that the petition be dismissed without prejudice to give the petitioner the opportunity to present his unexhausted claim in state court or to refile his federal petition including only unexhausted claims. *See Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Levine v. Commissioner of Correctional Servs.,* 44 F.3d 121, 124 (2d Cir.1995).

Magistrate Judge Grubin afforded the parties the opportunity to file any objections to the Report and Recommendation. By letter dated August 22, 1995 the petitioner objected that "there is no such claim of unexhausted remedies that the records could and would support."

In view of the objection raised by the petitioner, the Court has reviewed the record de novo to determine whether this petition is a mixed petition presenting both exhausted and unexhausted claims. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). Magistrate Judge Grubin found that this is a mixed petition because the petitioner failed to exhaust his state court remedies with respect to the ineffective assistance of appellate counsel claim. The Court concludes that Magistrate Judge Grubin is correct and that the petition must therefore be dismissed without prejudice. *See Rose v. Lundy,* 455 U.S. at 522, 102 S.Ct. at 1205; *Levine,* 44 F.3d at 124.

It is plain that the ineffective assistance of appellate counsel claim was presented to Justice Rose Rubin of the New York State Supreme Court, together with the petitioner's claim of ineffective assistance of trial counsel, in the petitioner's motion pursuant to N.Y. C.P.L. § 440.10 in March 1990. However, in her April 12, 1991 opinion and order Justice Rubin rejected the ineffective assistance of trial counsel claim because "all of the issues recited by defendant are matters of record which were raised or should have been raised on appeal." Justice Rubin explicitly did not reach the petitioner's ineffective assistance of appellate counsel claim because the court lacked jurisdiction to review it: "This court lacks jurisdiction to review defendant's additional claim of ineffective assistance of appellate counsel. The Court of Appeals' decision that C.P.L. § 440.10 does not confer jurisdiction on the *nisi prius* court to review a claim of ineffective assistance of appellate counsel (*People v. Bachert,* 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 [1987]) is dispositive." Justice Rubin's citation to *Bachert* is particularly instructive. In that case, Judge Bellacosa explained in a thorough opinion why claims of ineffective assistance of appellate counsel could not be brought in the trial court under N.Y. C.P.L. § 440.10 and had to be brought in the appellate tribunal that considered the primary appeal. *Bachert,* 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987); *see also Caballero v. Keane,* 42 F.3d 738, 741 (2d Cir.1994) (citing *Bachert*). As Magistrate Judge Grubin noted, once the Appellate Division denied the petitioner leave to appeal Justice Rubin's ruling on his trial counsel claim, his claim based on ineffective assistance of appellate counsel became ripe for review by the Appellate Division. However, the petitioner has not since made such an application to the Appellate Division.

■■■ In this case, the New York State courts have not reviewed the claim of ineffective assistance of appellate counsel on the merits.[1] Accordingly, the petition raised a

---

**1.** The claim was, of course, not raised on direct appeal. Although the petitioner originally raised the claim in his October 1989 petition for a writ of error coram nobis to the Appellate Division, the claim was joined with a claim of ineffective assistance of trial counsel. The State argued that the writ of error coram nobis was not the appropriate procedure to raise a claim of ineffective assistance of appellate counsel based on ineffec-

tive assistance of trial counsel. The Appellate Division denied the application "without prejudice to the filing of a motion pursuant to CPL 440.10 in the trial court." I agree with Magistrate Judge Grubin that this was not a decision on the merits of the claim of ineffective assistance of appellate counsel but a determination that, given the claim of ineffective assistance of trial counsel on which the claim of ineffective

claim for which the petitioner has not exhausted his state court remedies, and the petition must be dismissed without prejudice.

Therefore, after a *de novo* review of the record, the Court adopts the Report and Recommendation of Magistrate Judge Grubin dated August 18, 1995. The petitioner's objection is overruled. The petition is dismissed without prejudice to refiling after petitioner has either exhausted his state court remedies for his unexhausted claim or submitted a new petition dropping it.

**SO ORDERED.**

## REPORT AND RECOMMENDATION TO THE HONORABLE JOHN G. KOELTL

GRUBIN, United States Magistrate Judge:

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment rendered on September 4, 1984 in the New York State Supreme Court, New York County, convicting him after a jury trial of one count each of criminal possession of a controlled substance in the first degree and criminally using drug paraphernalia in the second degree. *See* N.Y. Penal Law §§ 220.21, 220.50(2). As discussed below, because the petition presents both exhausted and unexhausted claims, it should be dismissed at this time without prejudice to its being refiled.

Viewing the facts as we must in a light favorable to the state, *see, e.g., Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Reddy v. Coombe,* 846 F.2d 866, 869 (2d Cir.), *cert. denied,* 488 U.S. 929, 109 S.Ct. 316, 102 L.Ed.2d 334 (1988); *Garcia v. Warden,* 795 F.2d 5, 6 (2d Cir.1986), the evidence at trial established that on September 8, 1983, shortly after 6:00 p.m., two police officers, responding to a report that someone in Room 307 at the West Park Hotel at 308 West 58th Street in Manhattan was breaking things in that room, knocked on the door and identified themselves several times as officers. Petitioner, wearing only a towel and clutching a shoulder bag by the strap, opened the door. The officers saw that the furniture, appliances and fixtures in the room had been smashed and strewn around the room. Entering the room, they asked petitioner to calm down and to put the bag down. Petitioner refused, screamed that they would have to shoot him to get the bag, challenged them to take it from him, and then began to swing it violently at them. After a struggle, the officers wrestled petitioner to the floor, handcuffed his hands behind his back, and took the bag from him. This shoulder bag, weighing between ten and fifteen pounds, contained, among other things, over 1½ pounds of 76 percent pure cocaine contained in two plastic bags and a metal can, a roll of plastic sandwich bags, a balance scale capable of weighing quantities up to two grams, a jar of non-narcotic powder and a plastic strainer. A police expert in the field of narcotics investigation testified that the amount and purity of the cocaine found in the bag was inconsistent with only personal use and that the purpose of the equipment found in the bag was to mix and distribute the cocaine.

### PROCEDURAL BACKGROUND

Petitioner appealed his conviction through counsel to the New York State Supreme Court, Appellate Division, First Department, on the grounds that (1) the summary denial of his omnibus motion to suppress physical evidence violated his rights under the Fourteenth Amendment and (2) he was denied a fair trial by (a) the admission of the expert testimony and (b) prosecutor's comments on summation concerning the resale value of the cocaine seized. In a supplemental brief submitted *pro se,* petitioner also argued that he was denied a fair trial by the trial court's failure to give the jury a charge on intoxication. The Appellate Division affirmed the conviction without opinion on June 18, 1987, *People v. Garcia,* 131 A.D.2d 981, 516 N.Y.S.2d 567 (1st Dep't), and the New York State Court of Appeals denied leave to appeal on October 2, 1987, *People v. Garcia,* 70

assistance of appellate counsel rested, the ineffective assistance of trial counsel claim had to be raised at the trial court. *See* Report and Recommendation at 12 n. 2.

N.Y.2d 799, 522 N.Y.S.2d 117, 516 N.E.2d 1230.

On October 6, 1989 petitioner *pro se* applied to the Appellate Division for a writ of error coram nobis on the ground that he was denied effective assistance of appellate counsel by appellate counsel's failure to raise the following claims, which "founded on the face of the trial record ... should have [been] briefed and presented ... before this Court on direct appeal" (p. 3): (1) ineffective assistance of trial counsel based on trial counsel's failure to raise, or to secure evidence that would have enabled him to raise, the defense of lack of criminal responsibility by reason of mental disease or defect; (2) prosecutorial misconduct based on the prosecution's alleged failure to provide the defense with exculpatory evidence which would have shown he was not criminally responsible: report(s) that petitioner contends would have been prepared by medical personnel at Bellevue Hospital, where he was taken for a physical examination shortly after his arrest, and the names of potential witnesses at Bellevue; and (3) denial of a fair trial based on the trial court's failure to order discovery of these presumed report(s) and its admission of a police officer's testimony that petitioner appeared to be "high." In its brief in response to the application, the state argued that an application for a writ of error coram nobis was not an appropriate procedure by which to raise, for the first time, a claim of ineffective assistance of trial counsel which petitioner should have raised by means of a motion to vacate his judgment pursuant to N.Y.Crim.Proc. Law § 440.10 and that insofar as some of petitioner's claims of ineffective assistance of trial counsel rested on factual assertions outside the trial record, appellate counsel could not be faulted for not raising them on appeal. The state further argued that, in any event, petitioner's arguments concerning claims that should have been raised by trial and appellate counsel were meritless. In an unreported order on January 23, 1990, the Appellate Division simply denied his application "without prejudice to the filing of a motion pursuant to CPL 440.10 in the trial court."

On March 16, 1990 petitioner *pro se* moved the trial court to vacate his judgment. Petitioner's affidavit in support of his motion largely tracked his affidavit in support of his application for a writ of error coram nobis. Thus, the framework for his argument in support of his § 440.10 motion generally remained a claim of ineffective assistance of appellate counsel, although his papers do seem also to have been claiming ineffective assistance of trial counsel directly. Petitioner argued, as he had in his coram nobis application, that "the following points are founded on the face of the trial records so that appellate counsel ... should have briefed and represented the points before the Court on direct appeal" (p. 5) and, for the most part, enumerated the same alleged instances of ineffectiveness as set forth in the coram nobis application. By Decision and Order of April 12, 1991, Justice Rose L. Rubin denied petitioner's motion, which she construed to allege "that both counsel at trial and counsel on appeal provided ineffective assistance." With respect to the claim of ineffective assistance of trial counsel, she found that it was procedurally barred because "all of the issues recited by defendant are matters of record which were raised or should have been raised on appeal." With respect to petitioner's "additional claim of ineffective assistance of appellate counsel," citing *People v. Bachert,* 69 N.Y.2d 593, 516 N.Y.S.2d 623, 509 N.E.2d 318 (1987), she ruled that "this court lacks jurisdiction to review [it]." On October 3, 1991 the Appellate Division denied leave to appeal this ruling. *People v. Garcia,* 1991 N.Y.App.Div.Lexis 12945 (1st Dep't).

## THE INSTANT PETITION

This petition, liberally construed, presents seven grounds for relief:

(1) prosecutorial misconduct: the prosecution failed to disclose the alleged exculpatory evidence from Bellevue Hospital;

(2) denial of effective assistance of trial counsel: trial counsel (a) failed to secure the Bellevue reports, which would have enabled him to raise the defense of lack of criminal responsibility by reason of mental disease or defect and to present mitigating circum-

stances to the jury and sentencing court; and (b) failed to submit written jury charges on intoxication;

(3) denial of effective assistance of appellate counsel: appellate counsel (a) failed to present "colorable issues" he brought to her attention (ineffective assistance of trial counsel and prosecutorial misconduct in failing to produce the alleged reports), and instead made "spurious" Fourth Amendment arguments;

(4) denial of a fair trial by the court: the trial court refused requested discovery of medical reports, but then allowed testimony and a comment by the prosecution concerning his medical condition; and

(5) denial of a fair trial by the court: the trial court denied his request to give the jury an intoxication charge.

In a letter I received on January 3, 1995, citing his "failure to understand the proceedings" as the reason he did not originally include them, petitioner asked that the claims raised by appellate counsel on direct appeal (including those he argues in ground (3) herein were "spurious") now be added to his petition. For purposes of the following discussion, I will assume that the petition presents those two claims (*see* p. 3 above) as grounds (6) and (7).

## DISCUSSION

 The requirement of the federal habeas corpus statute, 28 U.S.C. § 2254, that a person in state custody exhaust his or her state remedies before seeking federal habeas corpus review is based on considerations of comity between federal and state courts, ensuring that the state courts have an opportunity to consider and correct any violations of their prisoners' federal constitutional rights. *See, e.g., Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 509, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); *Mercado v. Henderson*, 733 F.Supp. 19, 21 (S.D.N.Y.1990); *Castillo v. Sullivan*, 721 F.Supp. 592, 593 (S.D.N.Y. 1989). Exhaustion requires a petitioner to

have fairly presented at each available level of the state courts the same federal constitutional claims, legally and factually, raised in his or her petition to the federal court so that the state courts, including the state's highest court, will have had the opportunity to pass on them. *Picard v. Connor*, 404 U.S. at 275–76, 92 S.Ct. at 512–13; *Daye v. Attorney General of New York*, 696 F.2d at 191; *Klein v. Harris*, 667 F.2d 274, 282–83 (2d Cir.1981). A "mixed" petition, presenting both exhausted and unexhausted claims, must be dismissed in its entirety. A petitioner may then either exhaust his or her unexhausted claims and subsequently come back to the federal court if he or she does not obtain the relief sought from the state courts or file a new petition dropping the unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 514, 522, 102 S.Ct. 1198, 1201, 1205, 71 L.Ed.2d 379 (1982); *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991); *Rodriguez v. Hoke*, 928 F.2d 534, 537–38 (2d Cir.1991); *Pesina v. Johnson*, 913 F.2d 53, 54 (2d Cir.1990).

 Having thoroughly reviewed the lengthy record, I am satisfied that petitioner has exhausted the seven claims he presents herein except his claim of ineffective assistance of appellate counsel in ground (3).[1] A defendant, of course, has a right to effective assistance of counsel on a first appeal as of right, *Evitts v. Lucey*, 469 U.S. 387, 396, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985), and assistance is judged under the standard set in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994); *Abdurrahman v. Henderson*, 897 F.2d 71, 74 (2d Cir.1990). Under the framework set forth in *Strickland*, in order to prevail on such a claim, a petitioner has the burden of demonstrating: first, that the attorney erred and that the errors were not within the realm of reasonableness under the professional norms prevailing at that time, 466 U.S. at 687–88, 104 S.Ct. at 2064–65; and second, that the attorney's performance prejudiced the defense, *i.e.*, that there was "a reasonable probability that, but for counsel's unprofessional errors, the result

1. Respondent herein has not raised any issue of exhaustion.

of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. *See Mayo v. Henderson,* 13 F.3d at 533. A determination on the merits of a claim of ineffective assistance of appellate counsel thus can depend, in turn, on a determination on the merits of claims that a petitioner alleges should have been presented to the appellate court by counsel. To establish ineffective assistance of appellate counsel for failing to present a claim of ineffective assistance of trial counsel, a petitioner must demonstrate a reasonable probability that the appellate court would have found that the performance of trial counsel itself failed the two-part *Strickland* test by establishing that the trial attorney unreasonably erred and that the result of the trial probably would have been different if trial counsel had provided effective assistance. *See, e.g., Richburg v. Hood,* 794 F.Supp. 75, 78 (E.D.N.Y.1992); *Johnson v. Hoke,* No. 91 Civ. 2714 (MGC), 1992 U.S.Dist.Lexis 6745 at \*9–11, 1992 WL 110750 at \*3–4 (S.D.N.Y. May 11, 1992).

 Under New York law claims of ineffective assistance of trial counsel ordinarily must be addressed to the trial court in a § 440.10 motion rather than to the Appellate Division on direct appeal because they ordinarily relate to matters of which only the trial court is aware, require knowledge and/or review of the entire proceedings at the trial level and/or of which no record was ever made at the trial level and, thus, would require the making of an additional record before the Appellate Division would be able to review what occurred. *See Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir.1994); *Mercado v. Senkowski,* 736 F.Supp. 28, 29 (E.D.N.Y.1989); *Walker v. Dalsheim,* 669 F.Supp. 68, 70–72 (S.D.N.Y.1987); *United States ex rel. LaSalle v. Smith,* 632 F.Supp. 602, 603, 605–06 (E.D.N.Y.1986); *People v. Ramos,* 63 N.Y.2d 640, 643, 479 N.Y.S.2d 510, 512, 468 N.E.2d 692, 694 (1984); *People v. Brown,* 45 N.Y.2d 852, 853, 410 N.Y.S.2d 287,

382 N.E.2d 1149 (1978). When particular claimed instances of trial counsel error are matters as to which the record is already clear, however, the claim can be reviewed by the appellate court and should be raised on direct appeal. *See, e.g., People ex rel. Barrett v. Scully,* 203 A.D.2d 311, 612 N.Y.S.2d 895 (2d Dep't 1994); *People v. Pachay,* 185 A.D.2d 287, 587 N.Y.S.2d 212 (2d Dep't 1992), *appeal denied,* 82 N.Y.2d 757, 603 N.Y.S.2d 999, 624 N.E.2d 185 (1993); *People v. Gonzalez,* 158 A.D.2d 615, 551 N.Y.S.2d 586 (2d Dep't), *appeal denied,* 76 N.Y.2d 735, 558 N.Y.S.2d 897, 557 N.E.2d 1193 (1990); *see generally Walker v. Dalsheim,* 669 F.Supp. at 71–72.

 Justice Rubin's decision shows that this case falls into the latter category. She, as the trial judge, found that the particular instances of attorney error being claimed were reviewable on the trial record and could have been raised on direct appeal. (Indeed, as discussed above, petitioner himself, both in his coram nobis application and in his motion to Justice Rubin, contended that appellate counsel rendered ineffective assistance because of that counsel's failure to raise a claim on direct appeal of the alleged ineffectiveness of trial counsel based on instances which were "founded on the face of the trial record so that appellate counsel ... should have briefed and presented [them] ... on direct appeal" (coram nobis application, p. 3; *see also* § 440.10 motion, p. 5). One could wonder, however, why petitioner then himself did not raise these issues he claims to have urged appellate counsel to raise in his own supplemental *pro se* brief.)[2]

 The issue of whether appellate counsel was ineffective, as Justice Rubin correctly ruled pursuant to New York law, is an issue the trial court cannot decide and must be presented to the Appellate Division. The only procedure in New York for doing so is

**2.** The Appellate Division's denial of the coram nobis application was neither a ruling on the merits of petitioner's claim of ineffective appellate counsel nor a ruling as to whether the ineffective trial counsel claims should have been raised on direct appeal or not. Given the state's arguments and the procedural law of New York, it is apparent that the Appellate Division, in

denying the application without prejudice to petitioner's filing a § 440.10 motion in the trial court, was saying simply that, in these circumstances, whether (a) trial counsel's effectiveness can be known from the record already made, and, if not, (b) whether trial counsel did render effective assistance were issues for the trial court to resolve in the first instance.

an application for a writ of error coram nobis to the Appellate Division department that affirmed the conviction. *People v. Bachert,* 69 N.Y.2d at 600, 516 N.Y.S.2d at 627–28, 509 N.E.2d at 322–23; *see also Caballero v. Keane,* 42 F.3d at 741; *Mathis v. Hood,* 851 F.2d 612, 614 (2d Cir.1988). When the Appellate Division denied leave to appeal Justice Rubin's ruling on petitioner's § 440.10 trial counsel claims, the issue of appellate counsel's assistance became ripe for presentation and decision on the merits in the Appellate Division, but petitioner has not since presented it to that court.[3]

Since there has not yet been any determination by the state courts on the merits of the claim of ineffective assistance of appellate counsel and petitioner has not yet "fairly presented" those courts with an opportunity to make such a determination, he must again apply to the Appellate Division for a writ of error coram nobis in order to exhaust state remedies and enable us to review such a claim should he not be afforded relief by the Appellate Division.

## CONCLUSION

 Given the presence in the petition of both exhausted and unexhausted claims, it must be dismissed without prejudice pursuant to *Rose v. Lundy* and its progeny. Petitioner has the option of (a) exhausting his state remedies with respect to the unexhausted claim and then, should he not have obtained relief from the state courts, refiling his petition here, or (b) refiling his current petition omitting the unexhausted claim. He is hereby cautioned, however, that, in the event he chooses the second course, any subsequent petition he may seek to file thereafter asserting that claim may be dismissed as an abuse of the writ. *See McCleskey v. Zant,* 499 U.S. 467, 489–496, 111 S.Ct. 1454, 1468–1471, 113 L.Ed.2d 517 (1991); *Rose v. Lundy,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05.

---

**3.** For federal habeas purposes, "[t]he denial of leave to appeal by the Appellate Division without opinion is presumed to indicate an affirmation of the last reasoned state court decision...." *Nowlin v. Senkowski,* No. 93 Civ. 7848 (KMW), 1995

Accordingly, the petition should be dismissed at this time without prejudice to refiling after petitioner has either exhausted his unexhausted claim or submitted a new petition dropping it.

Dated: New York, New York

August 18, 1995

U.S.Dist.Lexis 111 at * 9·n. 5, 1995 WL 7976 at * 5 n. 5 (S.D.N.Y. Jan. 5, 1995). *See Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991).