**Ruben M. WARREN, Petitioner,**

**v.**

**R.J. McCLELLAN, Respondent.**

**No. 95 Civ. 8563(PKL).**

United States District Court,
S.D. New York.

Sept. 22, 1996.

Ruben M. Warren, Dannemora, NY, Pro Se.

James P. Byrne, Assistant District Attorney, White Plains, NY, for respondent.

### MEMORANDUM ORDER

LEISURE, District Judge:

Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for first degree robbery upon a guilty plea in Westchester County Court. This Court referred this petition to the Honorable Sharon E. Grubin, United States Magistrate Judge, for preparation of a report and recommendation. On September 22, 1996, Judge Grubin issued a Report and Recommendation (the "Report") that this Court deny Mr. Warren's petition without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure, the parties have ten (10) days to file written objections to a report and recommendation after being served with a copy. None of the parties to this action has objected to the Report. Furthermore, the Court has reviewed the Report and finds that it is legally correct and proper. The Court therefore adopts the Report in its entirety.

Accordingly, for the reasons stated by Judge Grubin in the Report, the petition is HEREBY DENIED without prejudice.

### REPORT AND RECOMMENDATION TO THE HONORABLE PETER K. LEISURE

SHARON E. GRUBIN, United States Magistrate Judge:

Petitioner *pro se* seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment rendered on August 15, 1988 in Westchester County Court (Facelle, J.), convicting him upon his plea of guilty of robbery in the first degree, *see* N.Y.Penal Law § 160.15 (McKinney 1988), for which he was sentenced, as a second violent felony offender convicted of a Class B violent felony offense, to the minimum sentence allowable, an indeterminate term of six to twelve years. *See* N.Y.Penal Law §§ 70.02(1)(a) & (b), 70.04(1)(b)(i), (3)(a) & (4) (McKinney 1987). Upon petitioner's appeal, the Appellate Division, Second Department, affirmed the judgment in a brief Decision and Order on December 7, 1992, *People v. Warren,* 188 A.D.2d 501, 592 N.Y.S.2d 606, and the New York State Court of Appeals denied leave to appeal on March 24, 1993. *People v. Warren,* 81 N.Y.2d 894, 597 N.Y.S.2d 956, 613 N.E.2d 988.

The instant petition attacks his conviction on the following grounds: (1) the prosecution failed to keep its plea bargain with him insofar as a psychiatric examination

was not performed prior to sentencing; (2) he received ineffective assistance of counsel insofar as counsel failed to ascertain or point out at his sentencing that the examination had not been performed; (3) his guilty plea was not voluntary because of emotional stress at the time (caused by the death of five members of his family during the previous year) and because he had been erroneously told that he could have received a sentence of 25 years to life if he had gone to trial; (4) the presentence report of the probation department contained erroneous statements.

■ The requirement of the federal habeas corpus statute, 28 U.S.C. § 2254, that a person in state custody exhaust his or her state remedies before seeking federal habeas corpus review is based on considerations of comity between federal and state courts, ensuring that the state courts have an opportunity to consider and correct any violations of their prisoners' federal constitutional rights. *See, e.g., Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General of New York,* 696 F.2d 186, 191 (2d Cir.1982) (en banc), *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984); *Mercado v. Henderson,* 733 F.Supp. 19, 21 (S.D.N.Y.1990); *Castillo v. Sullivan,* 721 F.Supp. 592, 593 (S.D.N.Y. 1989). Exhaustion requires a petitioner to have fairly presented at each available level of the state courts the same federal constitutional claims, legally and factually, raised in his or her petition to the federal court so that the state courts will have had the opportunity to pass on them. *Picard v. Connor,* 404 U.S. at 275–76, 92 S.Ct. at 512–13; *Daye v. Attorney General of New York,* 696 F.2d at 191; *Klein v. Harris,* 667 F.2d 274, 282–83 (2d Cir.1981). A "mixed" petition, presenting both exhausted and unexhausted claims, must be dismissed in its entirety. A petitioner may then exhaust the unexhausted claims and subsequently come back to the federal court if the relief sought is not obtained from the state courts or file a new petition dropping the unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 514, 522, 102 S.Ct. 1198, 1201, 1205, 71 L.Ed.2d 379 (1982); *Grey v. Hoke,* 933 F.2d 117, 120 (2d Cir.1991); *Rodriguez v. Hoke,* 928 F.2d 534, 537–38 (2d

Cir.1991); *Pesina v. Johnson,* 913 F.2d 53, 54 (2d Cir.1990).

■ Although grounds one, two and four would appear ready for our review, petitioner clearly has not met the exhaustion requirement with respect to ground three. For exhaustion purposes, a petitioner "must have employed the proper state law procedural vehicle so that the state courts were afforded the opportunity to consider the claims raised on their merits." *Walker v. Dalsheim,* 669 F.Supp. 68, 70 (S.D.N.Y.1987). *See Dean v. Smith,* 753 F.2d 239, 241 (2d Cir.1985); *Camarano v. Irvin,* 902 F.Supp. 358, 365 (S.D.N.Y.1994), *aff'd,* —— F.3d ——, 1995 U.S.App. Lexis 28916 (2d Cir. Sept. 27, 1995). On appeal the state argued that ground three was based on matters outside the record, and we can infer from the Appellate Division's citation of *People v. Pellegrino,* 60 N.Y.2d 636, 467 N.Y.S.2d 355, 454 N.E.2d 938 (1983), in its brief affirmance, that, rather than having addressed the issue on its merits, the Appellate Division agreed and determined that, because ground three was based on matters outside the record, it should have been raised in the court in which the judgment was entered and not on direct appeal. The proper procedural vehicle for doing so now is a motion to vacate the judgment pursuant to N.Y.Crim.Proc.Law § 440.10. *See, e.g., Lotze v. Hoke,* 654 F.Supp. 605, 608–09 (E.D.N.Y.1987); *People v. Cooks,* 67 N.Y.2d 100, 103–04, 500 N.Y.S.2d 503, 504–05, 491 N.E.2d 676, 677 (1986).

## CONCLUSION

Given the presence in the petition of both exhausted and unexhausted claims, it must be dismissed without prejudice pursuant to *Rose v. Lundy* and its progeny. *See, e.g., Rodriguez v. Hoke,* 928 F.2d at 537–38; *Pesina v. Johnson,* 913 F.2d at 54. Petitioner has the options of (a) exhausting his state remedies with respect to the unexhausted claim and then, should he not have obtained relief from the state courts, refiling his petition here, or (b) refiling his current petition omitting the unexhausted claim. He is hereby cautioned, however, that, in the event he chooses the second option, any subsequent petition he may seek to file thereafter asserting a claim not brought in the refiled petition

even if then properly exhausted would be unreviewable in this court and dismissed pursuant to 28 U.S.C. § 2254(b) (as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Title I, § 106(b), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996)). *See also McCleskey v. Zant,* 499 U.S. 467, 489–496, 111 S.Ct. 1454, 1467–71, 113 L.Ed.2d 517 (1991); *Rose v. Lundy,* 455 U.S. at 520–21, 102 S.Ct. at 1204–05.

The parties are hereby directed that if you have any objections to this Report and Recommendation you must, within ten (10) days from today, make them in writing, file them with the Clerk of Court and send copies to the Honorable Peter K. Leisure, to the opposing party and to the undersigned. Failure to file objections within ten (10) days will preclude later appellate review of any order that will be entered by Judge Leisure. *See* 28 U.S.C. § 636(b)(1); Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure; *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary,* 892 F.2d 15, 16 (2d Cir.1989) (per curiam); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 58 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983) (per curiam).