■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BAXTER, Appellant. [692 NYS2d 636] —Order unanimously affirmed. Memorandum: County Court properly denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction. The contention that the trial court erred in denying defendant's motion to dismiss the indictment pursuant to CPL 30.30 was previously determined on the merits on defendant's direct appeal from the judgment of conviction (*see, People v Baxter,* 216 AD2d 931), and the court was therefore required to deny the motion insofar as it was based upon that ground (*see,* CPL 440.10 [2] [a]; *People v Marvin,* 258 AD2d 964; *People v Hernandez,* 191 AD2d 511, 512, *lv denied* 81 NY2d 1014). The court was also required to deny the motion pursuant to CPL 440.10 (2) (c) insofar as it was based upon the alleged ineffective assistance of trial counsel. The alleged deficiencies in trial counsel's performance appear on the trial record, and thus the issue could have been raised on defendant's direct appeal (*see, People v Wong,* 256 AD2d 724; *People v Pachay,* 185 AD2d 287, *lv dismissed* 81 NY2d 890, *lv denied* 82 NY2d 757). Finally, vacatur of the judgment of conviction is not warranted based upon the purported discovery of evidence relevant to the credibility of a witness at the reconstruction hearing (*see, People v Powell,* 96 AD2d 610). (Appeal from Order of Onondaga County Court, Burke, J.—CPL art 440.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.